**Ex parte Harvey Allen HART.**

**No. 18662.**

Court of Civil Appeals of Texas, Dallas.

May 27, 1975.

Robert I. Knopf, Dallas, for appellant.

Weldon Parkhill, Grand Prairie, for appellee.

CLAUDE WILLIAMS, Chief Justice.

In this original proceeding brought under Vernon's Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon Supp.1974), relator Harvey Allen Hart presents an application for a writ of habeas corpus. This is the second time this matter has been considered by this court. *See Ex parte* Hart, 520 S.W.2d 952 (Tex. Civ.App.—Dallas 1975 no writ). In that case, we ordered relator's discharge based upon the absence of a record in the trial court and the ambiguity of the commitment order.

Subsequent to our decision in the first case, Margaret Louise Hart, relator's for-

mer wife, filed a verified motion to adjudge Harvey Allen Hart to be in contempt of court for failure to observe and obey the order of the Domestic Relations Court Number Two entered on June 26, 1974. After a hearing, the trial court ordered relator confined to jail. We granted relator's application for habeas corpus and released him upon the making of bond pending hearing on the writ.

At the hearing in the domestic relations court on April 14, 1975, testimony was introduced and is properly brought forward to us in a statement of facts. That record reveals that relator Hart testified that he was financially unable to comply with the order of the Domestic Relations Court Number Two and that such inability was involuntary on his part.

Relator testified that he made child support payments of $60 per week beginning June 21, 1974, and such payments were made to the former wife until October 1974, when relator incurred an injury in the course of his employment which required hospitalization and surgery. This fact was made known to the former wife and her attorney who were also advised that the relator would be unable to pay his payments for about eight weeks while he was confined in the hospital. On December 30, 1974, relator returned to work and on January 10, 1975, he received his first paycheck and began making weekly payments of $60 per week which have continued to date. On February 7, 1975, relator was arrested by the Dallas County Sheriff and taken to jail where he remained in custody until released by this court. On February 25, 1975, relator's former wife filed another motion for contempt based upon relator's failure to make child support payments during his hospitalization and recuperation. At the hearing on April 14, 1975, relator testified that during the period of hospitalization and recuperation, he was unable to work anywhere else and was unable to use his truck to earn money. He testified he was unable to borrow from relatives or from lending institutions such as banks or credit unions. He said he was unable to sell anything in order to pay the required child support and that he had paid no attorney's fees.

■ Our Supreme Court in *Ex parte Gonzales*, 414 S.W.2d 656 (Tex.1967), said that inability to comply with an order requiring the payment of money, resulting from poverty, insolvency, or other cause not attributable to the fault of the party charged, will under ordinary circumstances be received as valid excuse for the consequences of contempt. The courts have consistently held that if relator conclusively proves that he was unable to make the support payments, such fact renders the commitment order void and relator must be discharged. *Ex parte* Kollenborn, 154 Tex. 223, 276 S.W.2d 251 (1955); *Ex parte* Padfield, 154 Tex. 253, 276 S.W.2d 247 (1955). Our review of this record convinces us that relator Hart has satisfied the requirements set forth by the Supreme Court and has conclusively established his inability, without fault on his part, to make the required payments set forth in the commitment order. His testimony supporting his contention is clear and positive and there were no circumstances in evidence tending to discredit or impeach his testimony. *Ex parte* Williams, 469 S.W.2d 449 (Tex.Civ.App.—Beaumont 1971 no writ). Accordingly, we grant relator's application for writ of habeas corpus and order him discharged from custody.