**James A. KARTEN, Appellant,**

v.

**Nancy Y. SNYDER, Appellee.**

**No. 18305.**

Court of Civil Appeals of Texas, Fort Worth.

April 3, 1980.

Rehearing Denied May 1, 1980.

See also, *Atkins v. Snyder,* 597 S.W.2d 779.

Atkins & McLarty, and Bill Atkins, Arlington, for appellant.

Weldon Parkhill, Grand Prairie, for appellee.

## OPINION ON MOTION TO DISMISS

### PER CURIAM.

We grant the motion of Nancy Y. Snyder to dismiss the appeal of James A. Karten, her former husband, for want of jurisdiction.

(Noted is that by reason of our dismissal the occasion for our grant of writ of prohibition in the case of *Bill Atkins, et al., vs. Nancy Y. Snyder, et al.*, subsequent to our acceptance of the appeal in this case is dissolved of its own force, it having been made effective only until disposition of such appeal.)

The appeal admitted was from order of the trial court, denominated "Contempt Order", dated October 9, 1979. Thereby Karten was adjudged in contempt for disobedience of antecedent order of the trial court relative to his return of the minor child of the parties to Mrs. Snyder. However, Karten was not ordered to be jailed. The only punishment assessed, denominated "punishment", was a fine of $500.00. Karten apparently paid this fine. Then deeming himself purged of the contempt decreed by the court, Karten appealed from the award of $750.00 in attorneys fees assessed against him as part of the court's order adjudging him in contempt. The Karten theory was that the provision therefor embodied in the contempt order amounted to a judgment like unto one for debt established on trial from which there might be the ordinary form of appeal to this court; showing, furthermore, that he was denied right to seek relief by a petition for a writ of *habeas corpus* because the trial court had not had him put in jail.

The clerk of this court docketed same as an appealed case. This was at our direction. In having so directed the clerk it is now obvious that we erred. Mrs. Snyder moved for dismissal of the Karten appeal on the ground of our want of jurisdiction. By this method we were afforded time to investigate the law applicable to determine whether any appeal might be made under the circumstances described.

In the interim Mrs. Snyder and her attorney (who would have been the person entitled to the $750.00 in attorney's fees) initiated further proceedings in the trial court seeking not only to have Karten (in his absence) adjudged in contempt for not having paid the $750.00 and for having appealed to this court but, furthermore, to have adjudged in contempt the honorable Bill Atkins, attorney for Karten, for having taken the Karten appeal into the Court of Civil Appeals. It was for the purpose of staying these proceedings that we granted prohibition until time for our action on the motion to dismiss the Karten appeal. On this the trial court supplied accommodation and voluntarily desisted from proceeding against Karten and Atkins.

By authority in the case *Ex Parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 188 (1953) the allowance of attorney's fees in this case as part of the court's contempt order is not a mere debt or money judgment. The award thereof was proper to be made a part of the trial court's order adjudicating Karten to be in contempt. As such, review of any action of the trial court by which there was such an award would not be available to Karten by the ordinary appeal. (Of course, propriety of the order would be reviewable, but only in the event of Karten's [and Atkins'] incarceration, upon an application for writ of *habeas corpus*.)

The Snyder motion that we dismiss the appeal for want of jurisdiction is sustained.

Appeal is dismissed.