**Ex parte Domingo QUEVEDO, Relator.**

**No. 1852.**

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 16, 1981.

William Bonilla, Bonilla, Read, Bonilla & Berlanga, Corpus Christi, for appellant.

Jose Longoria, Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

This is an original proceeding in which relator seeks a writ of habeas corpus. Relator, Domingo Quevedo, was found in contempt of court for failure to comply with an order of child support. Relator was ordered confined in the county jail of Nueces County until he purged himself of contempt.

A review of the pertinent facts is in order. On September 4, 1980, relator was ordered to pay $750.00 per month in child support beginning on October 1, 1980, to be paid on the first of each month. The parties do not agree whether the first support payment was made. On December 5, 1980, the wife of the relator filed her motion for contempt, alleging nonpayment of support

payments, amounting to $2,250.00, or three payments in arrears. Mrs. Quevedo also prayed for attorney's fees in the amount of $350.00, representing the cost of hiring an attorney to recover the delinquent payments. The court set a hearing to show cause why relator should not be held in contempt on January 8, 1981. The relator filed a response to the motion for contempt before the hearing on January 8, 1981.

On January 8, 1981, after reviewing the evidence and hearing arguments, the trial court issued its order of contempt, finding the relator in contempt of court for failure to comply with "the specific terms and provisions" of the child support order signed on September 4, 1980. The court ordered the relator to pay $2,250.00, representing the three payments in arrears, and $350.00 as attorney's fees. In addition to the payment of these two sums, the court ordered the confinement of relator "... *and* until such further orders of this Court."

Also on January 8, 1981, relator filed an original proceeding in this Court seeking leave to file an application for writ of habeas corpus, which was granted the same day. This Court further ordered that the relator be released from jail pending approval of the bond submitted to the Sheriff by the attorney for the relator. A hearing on the application for writ of habeas corpus was held on January 15, 1981. After hearing arguments from both parties, the Court took the matter under advisement.

■ Two issues are posed by the contempt order before this Court. The first issue concerns the legality of holding the relator in contempt for failure to pay attorney's fees. The second issue is whether the order contains in clear language the terms which the relator must satisfy in order to purge himself of contempt. If the order is not clear and unambiguous in this respect, then it is void.

■ As a general rule, the collection of attorney's fees by contempt proceedings is not allowed in this State. *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 525–6 (1961); *Ex Parte McManus*, 589 S.W.2d 790, 792 (Tex.Civ.App.—Dallas 1979, no writ). One exception to this rule, however, is the collection of attorney's fees as costs in suits to recover child-support payments. *Ex Parte Payne*, 598 S.W.2d 312, 320 (Tex.Civ. App.—Texarkana 1980, no writ); *Karten v. Snyder*, 597 S.W.2d 561, 562 (Tex.Civ.App. —Fort Worth 1980, no writ); *Ex Parte McManus*, supra, at 792; *Ex Parte Myrick*, 474 S.W.2d 767, 771 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); Rule 308–A, T.R.C.P. "... (A) defendant's constitutional freedom from imprisonment from debt is not violated in a contempt proceeding to enforce support payments by a judgment which requires that he remain in jail until an attorney's fee allowed the complainant and all costs are paid. (citations omitted)" *Ex Parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 188 (1953). Therefore, we hold that the inclusion of the payment of attorney's fees as a prerequisite to release in this contempt order is valid.

In the case at bar, the movant in her motion for contempt requested that the court order the payment of attorney's fees in the amount of $350.00. The employment of an attorney was required in order to preserve and protect the rights of the child for which support payments were sought. Insofar as the order of contempt requires the payment of attorney's fees for this purpose, we find no error.

■ The second issue, that of clarity of the terms of the order, involves the conditions set forth by the trial court for the contemnor to meet in order to be released. The order of contempt requires the payment of

"... delinquent child support payment of $2,250.00, together with additional sum of $350.00 attorney's fees to be paid to Jose Longoria, attorney for Petitioner, *and until such further orders of this Court.*" (Emphasis supplied.)

The final part of this order sets out an ambiguous condition which the contemnor may not be able to meet. The contemnor cannot satisfy this requirement for the reason that he is not able to know with clarity what are the "further orders of this Court."

This ambiguous requirement renders the order void. *Ex Parte Slavin*, 412 S.W.2d 43 (Tex.Sup.1967); *Ex Parte McManus*, supra, at 793; *Ex Parte Butler*, 523 S.W.2d 309 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Ex Parte Hart*, 520 S.W.2d 952 (Tex. Civ.App.—Dallas 1975, no writ). "It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Ex Parte Slavin*, 412 S.W.2d 43, 44 (Tex.Sup.1967); *Ex Parte Stanford*, 557 S.W.2d 346, 348 (Tex.Civ.App. —Houston [1st Dist.] 1977, no writ).

In holding that the contempt order does not clearly and specifically delineate the requirements for compliance, the order is void and the relator is illegally restrained of his liberty.

Relator is ordered discharged.