Ex parte Hunter Lee CARRUTH

No. 2–86–237–CV.

Court of Appeals of Texas, Fort Worth.

June 17, 1987.

Calloway & Marshall and Clyde M. Marshall, Fort Worth, for appellant.

Nick Haberer, Fort Worth, attorney ad litem.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## ORIGINAL PROCEEDING

KELTNER, Justice.

This is a habeas corpus proceeding. Hunter Lee Carruth, relator, seeks discharge from the custody of the Sheriff of Tarrant County. Carruth was detained pursuant to a commitment order issued by a district court judge, who held him in contempt for failing to pay child support.

We deny the relief prayed for and remand relator to the custody of the Sheriff.

The sole issue in this case is whether Carruth has conclusively shown his inability to purge himself of the contempt by paying the delinquent support. Before habeas corpus relief will be granted, the relator must conclusively establish that: 1) he lacked personal or real property which could be sold or mortgaged to raise the needed sum; 2) that he had unsuccessfully attempted to borrow the sum from a financial institution; and 3) that he knows of no source including relatives from whom he could borrow or otherwise secure the sum. *Ex parte Rohleder,* 424 S.W.2d 891, 892 (Tex.1967); *Ex parte Hart,* 524 S.W.2d 365, 366 (Tex.Civ.App.—Dallas 1975, no writ). Moreover, where a person cannot perform the act necessary to purge the contempt, indefinite imprisonment cannot be imposed for non-performance. *Ex parte Ramzy,* 424 S.W.2d 220, 223 (Tex.1968); *Ex parte Helms,* 152 Tex. 480, 259 S.W.2d 184, 186 (Tex.1953).

In the instant case, this court granted Carruth's request for an evidentiary hearing at the trial court level on his inability to purge himself of contempt. At the evidentiary hearing, Carruth testified that he inherited approximately $80,000.00 from his father's estate. However, after funeral and hospital expenses were paid, he actually received between $70,000.00 to $60,000.00. Carruth testified that the remainder of the money had been spent on legal representation, repaying loans, replacing items that had been stolen from him by his ex-wife and on medical bills.

The record also reflected that prior to being held in contempt, Carruth was making approximately $461.00 a week. No evidence was introduced of exactly how this money was spent. However, the record does reflect that Carruth had voluntarily assumed new obligations such as purchasing furniture and a second car. We note that these new obligations were assumed by Carruth during the time period which he now claims to have been unable to pay his child support.

There is no evidence in the record that Carruth ever tried to secure a loan from

any financial institution to pay the arrearage. *See Ex parte Rohleder,* 424 S.W.2d at 892; *Ex parte Hennig,* 559 S.W.2d 401, 402 (Tex.Civ.App.—Dallas 1977, no writ); and *Ex parte Hart,* 524 S.W.2d at 366. However, the record does reflect that despite Carruth's alleged financial woes, he constantly assumed new obligations in preference of his primary duty to support his children. Therefore, we hold that Carruth has failed to meet his burden of proving his inability to pay the delinquent support.

Carruth also alleges in his petition that the original contempt order is void because it improperly includes attorney's fees and sheriff's fees. We disagree. As a general rule, the collection of attorney's fees by contempt proceedings is not allowed. *Ex parte Fernandez,* 645 S.W.2d 636, 639 (Tex.App.—El Paso 1983, no writ); *Ex parte Quevedo,* 611 S.W.2d 711, 712 (Tex.Civ.App.—Corpus Christi 1981, no writ). An exception to this rule, however, is the collection of attorney's fees as costs in suits to recover child support payments. *Id.* It has been held that "a defendant's constitutional freedom from imprisonment for debt is not violated in a contempt proceeding to enforce support payments by a judgment which requires that he remain in jail until an attorney's fee allowed the complainant and all costs are paid." *Ex parte Helms,* 259 S.W.2d at 188; *Ex parte Quevedo,* 611 S.W.2d at 712. Accordingly, we hold that the inclusion of attorney's fees and sheriff's fees as a prerequisite to release in this contempt order is valid.

The relief prayed for is denied and Carruth is remanded to custody.