This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Contemnors-Appellants Highland Square Management, Inc. and its attorney Frank J. Witschey have appealed from an order of the Akron Municipal Court finding them in indirect criminal contempt of court. This Court reverses.
 I {¶ 2} Mark Willis and Jerome Linnen each owned fifty percent of the shares in Highland Square Management, Inc. ("Highland Square") and Willis Linnen Co., L.P.A. ("Willis Linnen"). Willis 
Linnen had been occupying office space in a facility leased from Highland Square. In March 2001, Highland Square, by and through its attorney Frank J. Witschey, filed a forcible entry and detainer action in the Akron Municipal Court seeking the eviction of Willis Linnen from the premises. Highland Square alleged that Willis Linnen had remained on the premises as a holdover tenant beyond the expiration of its lease.
 {¶ 3} Willis and Willis Linnen thereafter filed a motion in the municipal court seeking a stay pursuant to R.C. 2711.02, dismissal, summary judgment, and an order transferring the case to the Summit County Court of Common Pleas. In its motion, Willis Linnen asserted that the common pleas court had already established jurisdiction over the tenancy issues that were at the heart of Highland Square's forcible entry and detainer action. Willis Linnen attached to its motion a copy of a complaint Willis had filed in the common pleas court, in which he asserted that the tenancy disputes with Highland Square were subject to binding arbitration.
 {¶ 4} The municipal court entered an order transferring the case to the common pleas court. All parties have agreed that the case was never physically transferred to the common pleas court, but the tenancy disputes proceeded to binding arbitration. An arbitration award was entered in May 2001, which established a shareholder buy-out procedure. Linnen was thereafter declared the successful bidder, and the arbitrators issued an order providing that Willis was to vacate the premises within sixty days from September 19, 2001.
 {¶ 5} On November 15, 2001, Witschey, as counsel for Highland Square, requested a writ of restitution from the municipal court. The municipal court signed the order submitted by Witschey, which ordered Willis to vacate the premises by November 18, 2001, and provided for the issuance of a writ of restitution. This order was vacated by the municipal court by an order entered the following day, on November 16, 2001, and the matter was set for a further hearing.
 {¶ 6} On November 19, 2001, Highland Square repossessed the premises, apparently in reliance on a self-help remedy in a provision of the lease agreement between Highland Square and Willis Linnen. The next day, the municipal court entered an order finding that Highland Square proceeded with the eviction of Willis Linnen "in violation of this court's November 16, 2001 Journal Entry." The court further ordered Highland Square and its attorney Witschey to show cause why they should not be held in contempt of court for violating the November 16, 2001 order.
 {¶ 7} Highland Square and Witschey thereafter filed a memorandum in which they argued that they should not be held in contempt of court. Specifically, they contended that the tenancy rights of Willis 
Linnen had been determined through binding arbitration, and the arbitrators had determined that Willis had sixty days from September 19, 2001 to vacate the premises. Highland Square and Witschey also maintained that the November 16, 2001 journal entry vacating the order for the issuance of the writ of restitution did not enjoin or otherwise preclude Highland Square's pursuit of the self-help repossession remedy provided for in the lease agreement.
 {¶ 8} A hearing was held on the contempt issue. The court subsequently issued an order finding both Highland Square and Witschey in indirect criminal contempt of court for violating the court's November 16, 2001 order. The court imposed a fine of $500 each on Highland Square and Witschey. One day later, the court entered an order nunc pro tunc reducing the fines imposed on each contemnor to $250 each. Highland Square and Witschey have timely appealed from the contempt order, and their appeals were consolidated by this Court. Highland Square has asserted five, and Witschey has asserted eight, assignments of error. For ease of discussion, we will address Highland Square's and Witschey's first assignments of error together.
 II Highland Square's Assignment of Error Number One {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF [HIGHLAND SQUARE] IN ORDERING [HIGHLAND SQUARE] TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT, AND MAKING AN ACTUAL FINDING OF CONTEMPT, WHEN NO COURT ORDER EXISTED TO FORM THE BASIS OF THE CONTEMPT FINDING."
 Witschey's Assignment of Error Number One {¶ 10} "THE TRIAL COURT ERRED IN FINDING ATTORNEY WITSCHEY IN CONTEMPT OF COURT BECAUSE THE EX PARTE ORDER OF [THE MUNICIPAL COURT] VACATING [THE MUNICIPAL COURT'S] WRIT OF RESTITUTION DID NOT IMPOSE ON [HIGHLAND SQUARE] OR WITSCHEY AN AFFIRMATIVE DUTY TO DO, OR REFRAIN FROM DOING, A PARTICULAR THING OR THINGS."
 {¶ 11} In their first assignments of error, Highland Square and Witschey have argued that the trial court erred in basing its contempt finding on their purported violations of the municipal court's November 16, 2001 order. Specifically, both parties have contended that the November 16, 2001 order did not order them to do or refrain from doing anything.
 {¶ 12} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, paragraph one of the syllabus. Criminal contempt is generally described as an offense against the dignity or process of the court. State v. Kilbane (1980), 61 Ohio St.2d 201, 204-205. Therefore, criminal contempt sanctions are punitive in nature and designed to vindicate the authority of the court. Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16. Sanctions for criminal contempt may include unconditional prison sentences or fines. In re Purola (1991),73 Ohio App.3d 306, 311.
 {¶ 13} Indirect contempt of court is contempt "committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." In re Lands (1946), 146 Ohio St. 589,595. R.C. 2705.02, which enumerates acts that are in indirect contempt of court, provides in relevant part: "A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]" In addition to the statutory basis established by R.C. 2705.02, courts have inherent authority to punish disobedience of their orders through contempt proceedings. See Zakany v. Zakany (1984),9 Ohio St.3d 192, 194.
 {¶ 14} Indirect criminal contempt must be proven beyond a reasonable doubt. Midland Steel Prods. Co. v. U.A.W. Local 486 (1991),61 Ohio St.3d 121, 127. One of the essential elements of indirect criminal contempt is intent to defy the court. See Id., at paragraph two of the syllabus; In re Carroll (1985), 28 Ohio App.3d 6, 10. An appellate court will not overturn a lower court's determination in a contempt proceeding absent an abuse of discretion. See State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. "`[A]buse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Lowe (1994), 69 Ohio St.3d 527, 532, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 15} In the case sub judice, we agree with Highland Square and Witschey that the municipal court's November 16, 2001 order did not order them to do or prohibit them from doing anything, and therefore cannot form the basis for a finding of contempt. This Court has previously addressed the specificity necessary for an order to form the basis for a contempt citation:
 {¶ 16} "It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." Collette v. Collette (Aug. 29, 2001), 9th Dist. No. 20423, at 7, quoting Ex Parte Quevedo (Tex.App. 1981), 611 S.W.2d 711,713.
 {¶ 17} The November 16, 2001 order merely vacated the journal entry entered November 15, 2001, which had ordered Willis to vacate the premises on or before November 18, 2001, and provided for the issuance of a writ of restitution. As such, the November 16, 2001 order did not impose any duties or obligations upon Highland Square or Witschey which could form the basis of a contempt citation. We therefore must conclude that the trial court abused its discretion in finding Highland Square and Witschey in contempt of court for having "clearly disobeyed [the court's] November 16, 2001 order vacating the earlier eviction order." Highland Square's and Witschey's first assignments of error are well taken.
 Highland Square's Assignment of Error Number Two {¶ 18} "THE TRIAL COURT ERRED TO THE PREJUDICE OF [HIGHLAND SQUARE] IN FAILING TO CONSIDER EVIDENCE OF [HIGHLAND SQUARE'S] CONTRACTUAL RIGHT TO A SELF-HELP REMEDY."
 Highland Square's Assignment of Error Number Three {¶ 19} "THE TRIAL COURT ERRED TO THE PREJUDICE OF [HIGHLAND SQUARE] IN FINDING [HIGHLAND SQUARE] WAS GUILTY OF INDIRECT CRIMINAL CONTEMPT WHEN THE EVIDENCE WAS INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT [HIGHLAND SQUARE] HAD THE INTENT TO VIOLATE THE NOVEMBER 16, 2001 ORDER."
 Highland Square's Assignment of Error Number Four {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF [HIGHLAND SQUARE] WHEN IT DENIED [HIGHLAND SQUARE] CONSTITUTIONAL DUE PROCESS."
 Highland Square's Assignment of Error Number Five {¶ 21} "THE TRIAL COURT ERRED TO THE PREJUDICE OF [HIGHLAND SQUARE] IN BASING A FINDING OF CONTEMPT ON THE ORDER OF NOVEMBER 15, 2001, WHICH WAS VOID AB INITIO BECAUSE IT WAS ISSUED AT AN EX PARTE HEARING."
 Witschey's Assignment of Error Number Two {¶ 22} "THE TRIAL COURT ERRED IN FINDING ATTORNEY WITSCHEY IN CONTEMPT OF COURT BECAUSE THE SELF-HELP REMEDY WAS NOT BARRED BY [HIGHLAND SQUARE'S] PROSECUTION OF A FORCIBLE ENTRY AND DETAINER ACTION AND WAS A CONCURRENT REMEDY."
 Witschey's Assignment of Error Number Three {¶ 23} "THE TRIAL COURT ERRED IN FINDING ATTORNEY WITSCHEY IN CONTEMPT OF COURT BECAUSE AN ATTORNEY CANNOT BE HELD IN CONTEMPT OF COURT FOR THE MERE RENDERING OF LEGAL ADVICE."
 Witschey's Assignment of Error Number Four {¶ 24} "THE TRIAL COURT ERRED IN FAILING TO PROVIDE PROPER NOTICE OF THE CRIMINAL NATURE OF THE CHARGE."
 Witschey's Assignment of Error Number Five {¶ 25} "THE TRIAL COURT ERRED AS IT ACCEPTED DOCUMENTS, PLEADINGS, AND UNSWORN STATEMENTS OF INDIVIDUALS OUTSIDE OF THE HEARING AND WITHOUT ATTORNEY WITSCHEY BEING ABLE TO CONFRONT AND CROSS EXAMINE THOSE WHO MADE THE STATEMENTS."
 Witschey's Assignment of Error Number Six {¶ 26} "THE TRIAL COURT ERRED BECAUSE IT VIOLATED ATTORNEY WITSCHEY'S DUE PROCESS RIGHT TO COUNSEL."
 Witschey's Assignment of Error Number Seven {¶ 27} "THE TRIAL COURT ERRED BY VIOLATING WITSCHEY'S RIGHT TO PUBLIC TRIAL."
 Witschey's Assignment of Error Number Eight {¶ 28} "THE TRIAL COURT ERRED IN FAILING TO APPLY THE CRIMINAL STANDARD OF PROOF, `PROOF BEYOND A REASONABLE DOUBT.'"
 {¶ 29} In light of our disposition of Highland Square's and Witschey's first assignments of error, we decline to address the merits of their remaining assignments of error. See App.R. 12(A)(1)(c).
 III {¶ 30} Highland Square's and Witschey's first assignments of error are sustained; we decline to review the merits of their remaining assignments of error. The judgment of the Akron Municipal Court finding Highland Square and Witschey in indirect criminal contempt of court is reversed.
CARR, P.J., BATCHELDER, J. CONCUR.