**Ex parte Paul HENNIG.**

**No. 19444.**

Court of Civil Appeals of Texas, Dallas.

Nov. 4, 1977.

Norman H. Ewert, Mesquite, for appellant.

L. W. Anderson, Dallas, for appellee.

ROBERTSON, Justice.

This is a habeas corpus proceeding under Article 1824a of the Texas Revised Civil Statutes. Paul Hennig, relator, seeks discharge from the custody of the Sheriff of Dallas County. He was detained pursuant to a commitment order issued by a Judge of Domestic Relations Court, who found relator in contempt for failing to pay child support. We deny relator's application for writ of habeas corpus, and remand him to the custody of the sheriff.

The sole question in this case is whether the relator has conclusively shown his inability to purge the contempt by paying the delinquent support. Where a person cannot perform the act necessary to purge the contempt, indefinite imprisonment cannot be imposed for nonperformance. *Ex parte Ramzy*, 424 S.W.2d 220 (Tex.1968); *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184 (1948). However, before habeas corpus relief will issue, the relator must *conclusively* establish that he has no source from which he might be expected to obtain the arrearage. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1968); *Ex parte Hart*, 524 S.W.2d 365, 366 (Tex.Civ.App.—Dallas 1975, no writ).

In the present case, relator testified that he has not been employed regularly, and that his income is very limited. He also stated that he had mortgaged his furniture to raise $400.00, and concluded that was all the money he could "come up with." To support the sufficiency of this showing, relator cites *Ex parte Gonzales*, 414 S.W.2d 656 (Tex.1967), in which habeas corpus relief was granted on a similar showing. We recognize the similarities between the relator's testimony and that held sufficient in *Gonzales*; however, the relator's testimony was not the sole consideration in *Gonzales*. Another factor was that no attempt was made to contradict the relator's testimony, "even though it was of a nature that could have been contradicted either directly or circumstantially, if untrue," 414 S.W.2d at 657. In this case, however, the relator's testimony regarding his financial ability *was* contradicted; the record reflects that he had voluntarily assumed new obligations, such as a mortgage on a new home, a second car, and the responsibility to support a new family by his second marriage. There is also evidence that relator consistently discharged these new obligations in preference to his primary duty to support his children. The discharge of these new obligations, despite relator's alleged financial woes is evidence that he has not exhausted all sources so as to pay the delinquent support. In order to establish the inability to pay, the relator must show not only that he lacks the financial resources to pay the delinquency, but also that he knows of no source from which the sum might be obtained. This ultimate fact can be established by proof of the following:

(1) that the relator lacks sufficient personal or real property which could be sold or mortgaged to raise the needed sum; and

(2) that the relator has unsuccessfully attempted to borrow the sum from financial institutions such as banks,

credit unions, and loan companies; and

(3) that the relator knows of no other source, including relatives, from whom the sum could be borrowed or otherwise secured.

*See Ex parte Rohleder, supra* at 892; *Ex parte Hart, supra* at 366. Of course, these are only conclusory elements which must be supported by specific evidence according to the facts of each particular case.

▮ Here, although relator testified that he had raised some money by mortgaging his furniture, there is no testimony that he attempted to borrow additional funds with other collateral, or that he sought an unsecured loan from any institution. Neither is there testimony regarding any attempt to borrow or otherwise secure the money from friends or relatives. Consequently, we hold that relator has failed to meet his burden of proving his inability to pay the delinquent support. Accordingly, the application for writ of habeas corpus is denied and relator is remanded to custody.

GUITTARD, C. J., not participating.