Johnny **VOUDOURIS**, Appellant,

v.

WALTER E. **HELLER & COMPANY,**
Appellee.

No. 16948.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1977.

Eskew, Brady, Womack & Muir, James Brady, Austin, for appellant.

Ross, Banks, May, Cron & Cavin, John Mayer, Houston, for appellee.

COLEMAN, Chief Justice.

Walter E. Heller & Company brought suit on a sworn account against Nick Wayne Voudouris and Johnny Voudouris d/b/a Carpet Gallery of Austin, Ltd. A judgment was entered against Nick Wayne Voudouris, who subsequently went through bankruptcy. The case was severed, and after a trial before the court, judgment was entered against Johnny Voudouris. This appeal resulted. The judgment will be reversed.

In answer to the plaintiff's petition Johnny Voudouris denied that he had ever been a general partner in the business of Carpet

Gallery of Austin, and alleged that he had not taken part in the control of the business; that he had never accepted nor received any profits, other compensation, or income from Carpet Gallery of Austin; that Carpet Gallery of Austin, Ltd. was a limited partnership at all times; that Nick Wayne Voudouris was the general partner and Johnny Voudouris was a limited partner in the limited partnership, which was formed on or about October 30, 1973 and was ended on or about April, 1974. He also filed under oath a sworn denial of the account.

After the plaintiff had introduced documentary evidence to prove up the account owed to it by Carpet Gallery of Austin, he called the defendant Johnny Voudouris as a witness. All of the testimony relating to the issue of partnership, with exceptions to be noted, was given by this witness.

Johnny Voudouris testified that in 1974 he was a county commissioner in Travis County and owned an interest in two janitorial services. He testified that he was engaged as a limited partner in the business known as Carpet Gallery of Austin and that he knew nothing of the carpet business in general and very little about this particular business. He thought that Nick sold and installed carpet in homes and apartment houses. He wasn't sure whether it was largely a subcontracting business. He did not know how many employees worked at the premises. He thought the business was located at 1924 South First Street. No inventory of carpet was maintained at that office and he didn't know whether an inventory was maintained at any other location. A written partnership agreement was prepared by attorneys selected by Nick Voudouris. Johnny identified a copy of the written agreement which was introduced by the plaintiff as Exhibit # 12. Johnny contributed capital to the partnership by co-signing a promissory note with Nick. Johnny had to pay off the loan to the bank. He did not participate in the day by day operation of the business and did not have access to the books and records of this business. When he found out that Nick was not paying his bills, he immediately told him that he did not want to be involved in something

that wasn't being taken care of and that he didn't to be involved with him at all under any conditions. He then secured a list of creditors from Nick and wrote letters to each creditor informing them that he had sold his interest to Nick Voudouris and was no longer liable on any past or future indebtedness. A copy of this letter was introduced into evidence by the plaintiff and bears the date May 6, 1974. Johnny's secretary informed him that people had been calling. Johnny then began investigating and discovered that Nick had used a copy of his financial statement in establishing credit with the plaintiff and others. Johnny testified that he had no letterheads and that the letters were typed on plain paper and his secretary had apparently secured envelopes bearing the logo of Carpet Gallery of Austin from Nick and mailed the letters to the creditors in them. He testified that he did not file the limited partnership agreement with the Secretary of State and did not pay any filing fees. He left all of that to Nick and he assumed Nick had filed it. He did not check to see if in fact it had been filed with the Secretary of State.

With the case in this posture the plaintiffs introduced some testimony relating to attorney's fees and rested. At that time the defendant moved for judgment on the ground that the plaintiff had not shown that Johnny Voudouris was anything other than a limited partner in the operation of the business. At that time the attorney for the defendant announced to the court his contention that the duty to file the limited partnership certificate was on the general partner and that in the event it was not filed, the limited partner had the right to renounce his interest in the limited partnership. Counsel stated that Mr. Voudouris did renounce his interest and that the facts show that he was not responsible for the debts. Following this statement an unreported discussion on the law was held between the court and counsel after which motion for judgment was denied.

In answers to questions from his own counsel Johnny Voudouris testified that Nick Voudouris came to him for assistance

in getting the carpet business started. Nick told him that he was unable to borrow money from the bank unless Johnny would co-sign a note for him. He did co-sign the note and required Nick to draw the papers up because he did not want to be involved and wanted no responsibility for the business. He testified that he was strictly an investor. He had never been involved in any other transaction with Nick. He did not give his financial statement to Nick or make it available to him and had no idea how he got it. He testified that after he learned that Nick had not been paying his bills he demanded a release of liability and that Nick signed one in return for his interest in the business. The written indemnification agreement was introduced into evidence then. He did not take an active role in the operation of Carpet Gallery at anytime and never intended to take an active role. When he found out in May of 1974 that Nick was representing that he, Johnny, was interested in the business he renounced the partnership within a week and entered into the indemnity agreement with Nick.

The indemnification agreement bears the date May 6, 1974 and recites the formation of a limited partnership agreement and the dissolution of said agreement.

Article 6132a, Vernon's Annotated Civil Statutes, entitled, Uniform Limited Partnership Act, provides in Section 2 thereof:

"A limited partnership is a partnership formed by two or more persons under the provisions of section 3 of this Act and having as members one or more general partners and one or more limited partners. The limited partner as such shall not be bound by the obligations of the partnership."

Section 3 of the Act requires that the persons desiring to form a limited partnership sign and swear to a certificate stating certain specified information and file for record the certificate in the office of the Secretary of State accompanied by the payment of the filing fee.

Section 8 of the Act provides:

"A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business."

Section 12 of the Act provides:

"A person who has contributed to the capital of a business conducted by a person or partnership erroneously believing that he has become a limited partner in a limited partnership, is not, by reason of his exercise of the right of a limited partner, a general partner with the person or in the partnership carrying on the business, or bound by the obligations of such person or partnership; provided that on ascertaining the mistake he promptly renounces his interest in the profits of the business, or other compensation by way of income."

Section 28 of the Act provides:

"(a) The rule that statutes in derogation of the common law are to be strictly construed shall have no application to this Act.

(b) This Act shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it."

The case was tried to the court without a jury. No findings of fact or conclusions of law were filed. Under such circumstances we must presume findings of facts having support in evidence which will support the judgment rendered by the trial court. The rules for determining the existence of a partnership are set out in Section 7 of Article 6132b, Vernon's Annotated Civil Statutes providing:

"(1) Except as provided by Section 16 persons who are not partners as to each other are not partners as to third persons."

(2) . . .

(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.

(4) The receipt by a person of a share of the profits of a business is prima facie

evidence that he is a partner in the business . . ."

A comment by Alan R. Bromberg is found in Vernon's Annotated Civil Statutes under Section 7, Art. 6132b. He states that paragraphs (1)(2)(4) are the same as in the national act. The comment states that paragraph (1) is highly important because of the frequent attempts of third persons to charge one person with obligations incurred by another on the theory that they are partners. Some Texas cases are more willing to find a partnership as to third persons than among the alleged partners. However the better view has considered only arrangements between the partners unless some holding out creates an estoppel. Mr. Bromberg concludes that this view is the rule promulgated by paragraph (1), for Section 16 deals with estoppel.

■ There is no evidence in this record from which an inference could be drawn that Johnny Voudouris and Nick Voudouris were general partners as to each other. Walter E. Heller & Company stipulated that Johnny Voudouris made no representations which induced them to extend credit and that there was no basis upon which that company could raise an estoppel. There is no evidence that the business made a profit or that Johnny Voudouris received any share of the profits of the business. The burden was upon the plaintiff to establish a partnership between Johnny Voudouris and Nick Voudouris. There is no evidence that Johnny Voudouris had the right to operate the business as a co-owner. There is no evidence that he had a right to direct the operation of the business. There is no evidence that he had a right to contract on behalf of the business.

The plaintiff introduced the limited partnership agreement. This agreement begins with a paragraph reading:

"Pursuant to the provisions of the Texas Uniform Limited Partnership Act, V.A. T.S. Art. 6132a, the undersigned persons certify that the statements hereinafter made and contained herein are provisions of an agreement for a limited partnership to be effective when filed with the Secretary of the State of Texas."

It recites that Johnny Voudouris, a limited partner, contributed the amount of $9,500.00 and owned a capital interest of 20%. It provides that Johnny Voudouris as a limited partner would be entitled to a 20% share of the profits of the business.

In *Gevinson v. Manhattan Constr. Co.,* 449 S.W.2d 458 (Tex.1969) the court said:

"It has been said that one who introduces a document vouches for its accuracy and will not be allowed to impeach or contradict its recitals. This rule can avail plaintiffs nothing, because it has been largely engulfed by its own exceptions. In analogy to the rule that a party may prove the truth of particular facts in direct contradiction of the testimony of his witness, he may also disprove factual recitals in a document introduced by him."

■ The limited partnership agreement evidences the fact that Johnny Voudouris agreed to become a limited partner and contributed $9,500.00 to the capital of the business. It further recites that Nick Voudouris is a general partner. While these recitations are not established to the extent that they cannot be contradicted by other evidence, there is no evidence to contradict these recitations. While the limited partnership agreement never became effective according to its terms because it was never filed with the Secretary of State, it does illuminate the intent of the parties. Whether a particular association is in fact a partnership depends largely on the intention or understanding of the parties involved. They must ordinarily agree and intend to become partners. *Luling Oil & Gas Co. v. Humble Oil & Refining Co.,* 144 Tex. 475, 191 S.W.2d 716 (1945).

An indication of the interpretation to be given Section 12 of the Limited Partnership Act is found in *United States v. Coson,* 286 F.2d 453 (9th Cir. 1961), where the court construed Section 11 of the Uniform Act which is identical to Section 12. The court quoted from *Giles v. Vette,* 263 U.S. 553, 44 S.Ct. 157, 161, 68 L.Ed. 441, where the Supreme Court said:

"Section 11 is broad and highly remedial. The existence of a partnership—limited or general—is not essential in order that it shall apply. The language is comprehensive, and covers all cases where one has contributed to the capital of a business conducted by a partnership or person erroneously believing that he is a limited partner. It ought to be construed liberally, and with appropriate regard for the legislative purpose to relieve from the strictness of the earliest statutes and decisions."

In a footnote the court said:

"Of course an intent to become a general partner may be inferred from conduct. In this case no such conduct was shown. Coulson had nothing to do with management of Moulin Rouge, or with its organization. The only conduct shown on his part was consistent solely with his belief that he was dealing with a limited partnership. The ancient rule that failure to comply with statutory provisions required to form a limited partnership renders the association a general partnership, vanished with the enactment of Uniform Limited Partnership Act. As stated in the Commissioners' note on the act: "Third: The limited partner not being in any sense a principal in the business, failure to comply with the requirements of the act in respect to the certificate, while it may result in the nonformation of an association, does not make him a partner or liable as such. The exact nature of his liability in such cases is set forth in Section 11."

The 9th Circuit went on to hold that it was not important whether the renunciation operated to relieve Coson from liability ab initio or whether it operated to compel a finding that Coson was not a general partner at any time, first because he never had the necessary intent to join a partnership in that capacity, and second because his renunciation under Section 11 was fully effective.

Here we find that the limited partnership failed to become effective because it was not filed with the Secretary of State. There is testimony from the defendant that immediately upon learning that the partnership agreement had not been filed he renounced the partnership. This testimony is supported by documentary evidence.

■ The general rule is that evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the trier of fact. This rule is not without exception, however, and conclusive effect may be given to the testimony of an interested witness provided that the testimony is clear, direct and positive and there are no circumstances tending to discredit or impeach the same.

■ There is added reason for recognizing the exception when the party has the means and opportunity of disproving the testimony, if it were not true, and failed to do so. On the other hand the basis for recognizing an exception is weakened somewhat when the testimony is such that it could not readily be contradicted if untrue. *Gevinson v. Manhattan Constr. Co.*, supra.

■ Nick Voudouris furnished a copy of Johnny Voudouris' financial statement to the plaintiff. The letter which Johnny Voudouris sent to Walter E. Heller & Company informing them that he had sold his interest and limited partnership to Nick Voudouris was mailed in an envelope bearing the logo of Carpet Gallery of Austin. Johnny Voudouris executed an instrument purporting to establish a limited partnership with Nick Voudouris under the name Carpet Gallery of Austin. He co-signed a note with Nick Voudouris to secure funds for the business. These are the only circumstances in evidence which tend to support the finding of the trial court that Johnny Voudouris was a general partner with Nick Voudouris in the business. The failure to file the limited partnership agreement with the Secretary of State did not result in the formation of a general partnership. It was stipulated that there was no basis for a finding of partnership by estoppel. The remaining circumstances are legally insufficient as a basis for a finding that the formation of a general partnership between Johnny and Nick Voudouris was

intended by the partners. *Giles v. Vette, supra; United States v. Coson, supra; J. C. Wattenbarger & Sons v. Sanders*, 216 Cal. App.2d 495, 30 Cal.Rptr. 910 (5th Dist. Cal. 1963).

■ Appellant's testimony that he intended to enter a limited partnership, took no part in the management of the enterprise, and gave up his interest therein soon after his discovery that the partnership agreement had never been filed with the Secretary of State was clear and positive. There are no circumstances tending to impeach his testimony. This evidence must be accepted, and Section 12 of the Limited Partnership Act prevents the imposition of liability on Johnny Voudouris for the debts of Carpet Gallery of Austin, Ltd.

The judgment of the trial court is reversed and judgment is here rendered that Walter E. Heller & Company take nothing.