Ex parte Robert L. HEMMITT, Relator.

No. B2085.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 21, 1979.

Asberry B. Butler, Jr., Houston, for relator.

Zinetta A. Burney, Houston, for respondent.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

This is a petition for writ of habeas corpus. Petitioner Robert Lee Hemmitt was divorced on July 23, 1971, at which time he was ordered to pay child support in the amount of $15.00 per week. A hearing on an application for a contempt order filed by petitioner's ex-wife Clara Hemmitt was held on January 9, 1979. The judge there found petitioner to be in contempt of court "in that he failed and refused to make child support payments in defiance of the Judgment. . . ." Petitioner's arrearage was found to be in the amount of $412.00, and he was ordered confined to the Harris County Jail for three days and for such further time as he refused to pay such arrearage, as well as movant's attorney's fees.

Petitioner claims that he is being illegally detained because the commitment order signed by the judge is fatally defective. We agree, and therefore grant petitioner's application.

The order states that "Respondent, Robert Lee Hemmitt, stands charged with contempt of court in failing and refusing to comply with the terms of the Judgment of this Court entered on or about the 23 [sic] day of July, 1979." As the commitment order reads, petitioner was committed for violating an order contained in a judgment which has not yet been entered. There was ample opportunity to correct this entry, and absent a correction, this court cannot assume that the trial judge intended a date other than that stated. Since the order appealed from is defective, it cannot stand, and the application for writ of habeas corpus is granted.

Petitioner further urges that his commitment is illegal because he is financially unable to comply with the court's order. Where the petition is made on this ground, "this court cannot determine whether such inability actually existed . . unless the application is accompanied by a statement of the facts developed on the

contempt hearing." *Ex Parte Crawford*, 506 S.W.2d 920, 922 (Tex.Civ.App.—Tyler 1974, no writ).

According to petitioner, he has not been able to obtain a statement of facts because personnel changes in the district court have made it impossible to locate the court reporter who recorded the proceedings of the January 9th hearing. He asks that this court postpone a decision on the question of inability until a statement of facts has been obtained.

Petitioner filed no motion to extend the time to file a statement of facts or to reschedule submission to this court. Accordingly, petitioner's claim of inability to pay is overruled.

Petition for writ of habeas corpus granted, and relator is ordered discharged.