Ex parte Gregory Curtis NIVENS, Relator.

No. 17547.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 30, 1979.

Ronald N. Hayes, Houston, for appellant.

Michael L. Laviage, Houston, for appellee.

WALLACE, Justice.

This is a habeas corpus proceeding by which relator seeks release from custody of the county sheriff. This court ordered him released on bond after he had served 37 days in the county jail for contempt of a district court order to pay child support. Relator urges both impossibility of performance and ambiguity of the contempt order.

Relator did not file a statement of facts of the contempt hearing, so we are unable to determine whether he sustained his burden of proving that he was unable to pay the arrearage of child support found by the court. *Ex parte Savelle*, 398 S.W.2d 918 (Tex.1966).

The pertinent portion of the Order of Commitment is as follows:

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court that the said Gregory Curtis Nivens be and is hereby found guilty of contempt of Court by reason of his failure and refusal to make the payments of child support heretofore ordered in an amount of $ 1260 00 in defiance of the terms of the decree hereinabove referred to and his punishment for such contempt is here fixed at confinement in county jail of Harris County, Texas, for a period of 10 days and Costs of Court accrued herein in the amount of support 1260.00 51 plus att fees $200 00 Dollars at which time said Gregory Curtis Nivens shall be released from custody. All other cost adjudged against Relator.

LET, THEREFORE, COMMITMENT ISSUE to the Sheriff of Harris County, Texas accompanied by a certified copy of this order.

Since relator has served in excess of the 10 days assessed as punishment, we are concerned only with the validity of the coercive part of the order.

For a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that he will readily know exactly what duties or obligations are imposed upon him. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967). Where an order of commitment does not state that the contemner is to be confined until the defendant shall do or perform certain acts in compliance with the orders of the court, the order is too indefinite, and is void. *Ex parte Kottwitz*, 117 Tex. 583, 8 S.W.2d 508 (1928).

The order of commitment in this case does not state that relator is to pay one or more of the amounts shown in the order, *nor does it state that he is to remain in confinement until one or more of the amounts are paid.* The order is thus indefinite and void.

The relator is ordered discharged.