Ex parte Gordon O. BARNES, Relator.

No. 04–86–00607–CV.

Court of Appeals of Texas,
San Antonio.

March 31, 1987.

Rehearing Denied May 13, 1987.

Anne S. Johnson, San Antonio, for appellant.

Ed Kidwell, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

CADENA, Chief Justice.

## OPINION

Relator seeks relief from the coercive portion of a contempt order ordering his incarceration for failure to make child support payments in accordance with the provisions of the divorce decree. The court below ordered relator imprisoned for 30 days and thereafter until he paid $7,000.00 in child support arrearages and attorney's fees in the sum of $758.00. Relator has served more than 30 days and now seeks relief from this Court after his application for writ of habeas corpus was denied by a district court.

Relator's contention is that he is presently unable to purge himself of contempt by complying with the coercive portion of the order because he does not have the $7,000.00, nor any part of such amount.

After this Court heard oral argument, we ordered the trial court to conduct a hearing to determine relator's ability to comply with the purge condition. The trial court conducted the hearing and made findings of fact which were filed in this court along with a transcript of the evidence heard by the trial court. The real party in interest agrees that the evidence conclusively establishes relator's present inability to pay the child support arrearages and attorney's fees because he has no resources of his own, is unable to borrow from any relatives and has been refused loans by various lending institutions to which he has made application.

It appears that at the original contempt hearing relator's ex-spouse made a prima facie showing of relator's ability to make the required payments and that relator did not claim inability to comply with the support provisions of the divorce decree.

While the cases agree that where it is not within a person's power to perform the act which alone will purge him of contempt he may not be imprisoned for an indefinite term for an offense already committed, *Ex*

*parte De Wees,* 145 Tex. 564, 210 S.W.2d 145 (1948), there is language in some of the cases which indicates the inability to perform the required act must be established at the time of the contempt hearing. *Ex parte Townsley,* 156 Tex. 402, 297 S.W.2d 111, 112 (1956). However, it is apparent that keeping a person until he performs an act which is beyond his power to perform is no more acceptable when the inability arises after he is imprisoned than it would be if the inability existed at the time the imprisonment began.

In *Ex parte Ramzy,* 424 S.W.2d 220 (Tex.1968), the court in a divorce case temporarily enjoined the spouses from disposing of property. A motion to hold the husband in contempt, alleging that he had disposed of certain gold coins was filed by the wife. After a hearing held on September 25, 1967, the court held the husband in contempt, ordering him committed for 72 hours, imposing a fine of $100.00 and incarcerating him until he delivered the coins to the clerk of the court. After the Supreme Court denied his application for habeas corpus, relator filed an application in the trial court on October 10, 1967, and a hearing was held the same day. A statement of evidence was prepared by the trial court and filed in the Supreme Court on October 11, 1967.

 On October 12, 1967, relator filed a motion for rehearing on his application for habeas corpus in the Supreme Court, which was granted the same day. The significant feature of the case is that the Supreme Court considered both the evidence produced at the contempt hearing and that introduced at the October 10, 1967 hearing. The Supreme Court found that relator was unable to comply with certain of the purge conditions and upheld the commitment order only as to those purge conditions which were within relator's power to perform. It is clear that we are not limited to a consideration of the evidence introduced at the contempt hearing but may consider the evidence at the subsequent hearing ordered by this Court.

In *Ex parte Fielder,* 446 S.W.2d 698 (Tex.Civ.App.—San Antonio 1969, no writ),

this Court, in disposing of an original application for habeas corpus, considered the evidence heard by lower courts in various habeas corpus hearings and concluded that relator was unable to comply with the purge conditions.

Since the evidence properly before us conclusively establishes that the relator is unable to comply with the purge condition in this case, we order him discharged from custody. Our order in this case does not relieve relator of his liability for the child support arrearages.