**Ex parte Kenneth PETERS, Relator.**

No. 01–89–00141–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 4, 1989.

Edward A. Davis, III, Houston, for relator.

David Suhler, P.C., Houston, for respondent.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

ORDER

PER CURIAM.

On September 6, 1988, the 309th District Court of Harris County adjudged relator, Kenneth Peters, to be in contempt for failure to make required child support payments in the amount of $200.00 per month, failure to pay attorneys' fees in the amount of $350.00, and failure to pay child support arrearage in the amount of $13,982.50. The trial court ordered relator confined to the Harris County Jail until he purged himself of contempt by paying $14,423.50.

The Court granted leave to file a writ of habeas corpus on February 13, 1989, set bond at $100.00, and ordered relator released from jail pending final determination of the matter.

Relator contends that his confinement is illegal because he cannot pay the debt and thus cannot purge himself of the contempt. Relator must have the ability to perform the order of the court. *Ex parte De Wees,* 146 Tex. 564, 210 S.W.2d 145 (1948). If relator conclusively proves he is unable to perform, the trial court cannot order the relator's continued imprisonment. *Id.* It is relator's burden to conclusively establish he does not have the funds to pay the past due child support, also that he has no source from which he can obtain the past due child support. *Ex parte Rohleder,* 424 S.W.2d 891, 892 (Tex.1967). He can carry his burden by proving (1) he does not have property that can be sold or mortgaged in order to obtain the necessary amount; (2) he was unsuccessful at borrowing money from financial institutions; and (3) he knows of no other source, including relatives, from which the money can be obtained. *Ex parte Hennig,* 559 S.W.2d 401, 402 (Tex.Civ.App.—Dallas 1977, no writ).

In his petition for writ of habeas corpus, relator states, under oath:

I would show that the judgment of contempt and the commitment are void because I am, through no fault of my own, unable to obey the order. I have no money with which to comply with the coercive portion of my sentence. I have no savings of any kind. I am unable to borrow any money from my parents, a financial institution, or any other source. I have no assets of any kind which could be sold or mortgaged. I am currently unemployed. I am unable to obtain any funds from any source and will not be able to do so as long as I am imprisoned.

These statements are uncontradicted.

The duration of Peters' incarceration corroborates his uncontradicted testimony. *Ex parte Dustman,* 538 S.W.2d 409, 410 (Tex.1976). *See also, Ex parte Fiedler,*

446 S.W.2d 698, 701 (Tex.Civ.App.—San Antonio 1969, no writ). In *Dustman*, the relator was incarcerated for almost 160 days; in *Fiedler*, only seven days. In both cases, the court held that the length of incarceration corroborated the relator's uncontradicted statements that he was unable to pay. In both cases, the court ordered the relator released because the record conclusively established relator's contentions.

Here, relator was in jail for 160 days, the same amount of time as Dustman, and much longer than Fiedler.

Thus, we hold the relator conclusively established that it is not within relator's power to perform the act which would result in his release. *Ex parte Dustman*, 538 S.W.2d at 410.

We accordingly order the relator discharged from custody, noting that relator's discharge does not relieve him of his obligation to pay the child support arrearage.

It is so ORDERED.