**Ex parte Marlin Leon MABRY, Relator.**

**No. 01–90–00106–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 28, 1990.

John K. Grubb, Houston, for relator.

Pamela K. Wilson, Houston, for respondent.

Before WARREN, COHEN and DUNN, JJ.

## ORIGINAL PROCEEDING ON PETITION FOR WRIT OF HABEAS CORPUS

COHEN, Justice.

This is an original habeas corpus proceeding. On January 19, 1990, the 257th District Court of Harris County adjudged relator, Marlin Leon Mabry, to be in contempt for failure to pay child support in the amount of $300 per month. The court committed relator to jail for six months or until he paid child support arrearage of $16,500 and attorney fees of $3,418.50.

This Court granted the writ on February 8, 1990, set bond at $250, and ordered relator released from jail pending final determination of the matter.

The order holding relator in contempt for failure to pay child support, granting judgment, and for commitment to county jail recites:

> IT IS ADJUDGED that Respondent, MARLIN LEON MABRY, is in contempt of this Court for each separate count (1 thru [sic] and including 110) enumerated above.
>
> IT IS ORDERED that punishment for each separate count enumerated above is confinement in the county jail of Harris County, Texas, for a period of six (6) months *or until $16,500 is paid in full along with $3418.50 attorney fees and*

> *costs, in that event Respondent is ordered released.*[1]
>
> IT IS THEREFORE ORDERED that Respondent is committed to the county jail of Harris County, Texas, for a period of six (6) months for each separate count (1 thru [sic] 110) enumerated above.
>
> IT IS FURTHER ORDERED that each period of confinement assessed herein shall run and be satisfied concurrently.

██ Relying on *Ex parte De Wees*, 146 Tex. 564, 567, 210 S.W.2d 145, 147 (1948), relator complains that his confinement is illegal because he cannot pay the debt and therefore cannot purge himself of the contempt. The second paragraph makes the confinement conditional on relator's compliance, while the third imposes an absolute requirement of six months confinement. We construe these conflicting provisions in favor of relator, and consequently, we hold that the contempt imposed by the trial court is civil in nature. In civil contempt cases, the relator has the burden of proof to conclusively establish he does not have, and has no source from which he might be expected to obtain, the past due child support. *Ex parte Dustman*, 538 S.W.2d 409, 410 (Tex.1976); *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967).

██ Relator's burden also encompasses the requirement to conclusively prove "not only that he lacks the financial resources to pay the deliquency, but also that he knows of no source from which the sum might be obtained." *Ex parte Hennig*, 559 S.W.2d 401, 402 (Tex.Civ.App.—Dallas 1977, orig. proceeding). This burden can be carried out by proof that relator: (1) does not have property that can be sold or mortgaged in order to obtain the necessary amount; (2) has unsuccessfully attempted to borrow the necessary amount from financial institutions; and (3) knows of no other source, including relatives, from which the necessary amount can be obtained. *Id.*

Relator's affidavit of February 7, 1990 in support of his request for habeas corpus relief recited:

---

1. The underlined portion of the order represents a handwritten interlineation by the trial court.

I have no property which can be sold or mortgaged in order to obtain the amount necessary for my release. I contacted my friends and relatives, all of them have refused to loan me the $16,500 plus attorney's fees that is necessary for my release. I have tried to borrow money from every possible source, including financial institutions, all said attempts have been unsuccessful, I am not employed and at this point in time have no prospects of obtaining gainful employment. I know of no other source from which the $16,500 plus attorney's fees can be obtained.

These statements are uncontradicted.

The duration of Mabry's incarceration (20 days) corroborates his uncontradicted testimony. *Ex parte Dustman*, 538 S.W.2d at 410; *Ex parte Peters*, 770 S.W.2d 640 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). Thus, we hold relator conclusively established that it is not within his power to perform that which would result in his release. *Id.* at 641. Because the real party in interest has not contested relator's affidavit after having an opportunity to do so, there are no contested allegations to be resolved.

We accordingly order relator discharged from custody, noting that relator's discharge does not relieve him of his obligation to pay the child support arrearage.

It is so ORDERED.

DUNN, J., dissents.

DUNN, Justice, dissenting.

I respectfully dissent. I agree with the majority that the orders in this case are not clear as to whether the court intended relator to serve six months in jail, and thereafter to be released on certain conditions, combining punishment for criminal as well as civil contempt, or whether the six month sentence was to be shortened on satisfaction of the condition contained in the punishment order, creating civil contempt only.

I do not agree, however, with the majority's disposition of the matter in construing the judgment of the court in favor of relator. I am unaware of any authority that allows a reviewing court to "construe" conflicting language in an enforcement order in favor of the contemnor.

I would find the order void for lack of specificity as to what punishment the court intended to impose on relator. *See Ex parte Hernandez*, 726 S.W.2d 651, 652 (Tex.App.—Eastland 1987, orig. proceeding) (commitment order void because it did not inform sheriff how long to confine the contemnor).