Opinion issued February 5, 2004

 














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00001-CV
____________

IN RE STEVEN KELLY KAPTAIN, Relator




Original Proceeding on Petition for Writ of Habeas Corpus



 
MEMORANDUM OPINION
          Relator, Steven Kelly Kaptain, petitions this Court for habeas corpus relief. 
Real party in interest, Bernadette Kaptain, filed a preliminary response. Because we
were of the tentative opinion that relator was entitled to relief, we ordered him
released upon his executing a bond, pending our final determination of the petition. 
Contemporaneously, we ordered Bernadette’s final response, if any, to be filed by a
date certain. That date has passed, and she has not filed a final response.

Background

          On September 11, 2003, the trial court held relator in contempt for not paying
various sums to Bernadette. The trial court sentenced relator to 180 days in jail as
punitive incarceration for criminal-contempt. As a civil-coercive-contempt measure,
the trial court ordered that after relator had served the punitive-contempt-time, he
remain in jail until he paid $6,817.07 of child-support and $3,252 attorney’s fees, to
be considered additional child-support.

          Relator’s confinement started on September 11, 2003. By December 9, 2003,
he had served the equivalent of the 180 days criminal-contempt-time, and thus, now
remains restrained pursuant to the civil-coercive-contempt provision of the September
11, 2003 order. Without specifying whether a hearing was held, relator asserts that
on December 9, 2003, the trial court declined to order his release.

Analysis

          In his first issue, citing Ex parte Rojo, 925 S.W.2d 654, 655 (Tex. 1996),
relator argues that he cannot be confined because he is involuntarily unable to pay
child-support. In a December 21, 2003 affidavit attached to his petition, relator
asserts that because of his incarceration, he is unemployed; that he has no property
that can be sold or mortgaged to obtain the amount necessary for his release; that his
flooring business of 15 years ended upon his incarceration; that his vehicle has been
repossessed; and that contacts of friends, relatives, and professional lenders have
failed to produce the amount necessary for his release.

          Bernadette’s preliminary response largely asserts that at the time of the
September 11, 2003 contempt hearing, there was evidence that relator had the
financial resources to satisfy his accrued child support obligation. The closest
Bernadette comes to addressing relator’s current inability to purge the trial court’s
civil coercive-contempt order is an assertion that the following resources are
“presumably” still available to him to satisfy his obligation: $12,000 of personal
property assets listed in a March 5, 2003 bankruptcy schedule (shown in Exhibit 8 to
relator’s petition) and $1,500 a month from his flooring business as shown in a
Debtor’s Amended Schedule I, which relator filed with the Bankruptcy Court on
September 16, 2003. The $12,000 of personal property assets to which Bernadette
refers consisted of the $11,000 market value of relator’s 1999 Jeep, a $750 utility
deposit, $700 of clothing, $325 of household goods, and $100 of jewelry. Relator’s
December 21, 2003 affidavit indicates that relator no longer has those assets and that
the flooring business that generated the $1,500 a month has ended. Bernadette does
not controvert the assertions in relator’s December 21, 2003 affidavit. She attached
no exhibits or affidavits to her preliminary response to relator’s petition.

          Based on relator’s uncontroverted affidavit, corroborated by 35 days


 of
coercive-contempt-confinement, we conclude that relator is currently unable to
perform the condition of paying $10,069.03 specified by the trial court for him to
secure his release. See Ex parte Garrison, 853 S.W.2d 784, 788(Tex. App.—Houston
[1st Dist.] 1993, orig. proceeding) (finding relator’s uncontradicted affidavit attached
to his petition for writ of habeas corpus, corroborated by incarceration under civil
portion of contempt order and incarceration under criminal portion, conclusively
established it was not within relator’s power to “presently perform that which would
result in his release.”).

Conclusion 

          Accordingly, we hold the portion of the September 11, 2003 order requiring
relator to pay such amount to be void and order the Sheriff to unconditionally release
relator from confinement. See Ex parte Dustman, 538 S.W.2d 409, 410 (Tex. 1976)
(“An order of contempt imposing a coercive restraint is void if the condition for
purging the contempt is impossible of performance.”).

 
Sherry Radack

                                                                        Chief Justice

 
 
Panel consist of Chief Justice Radack and Justices Jennings and Higley.