**Opinion issued April 16, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00218-CV

————————————

## IN RE TRACY GIBBS, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

### MEMORANDUM OPINION

Relator, Tracy Gibbs, petitions this Court for habeas corpus relief.[*] Because we were of the tentative opinion that Gibbs was entitled to relief, we ordered him released upon his executing a bond, pending our final determination of the petition, and we ordered the real party in interest, Rhonda Kay Pogue, to file a response by March 24, 2015. Pogue filed her response on March 24, 2015. We grant relief.

---

[*] The underlying case is *In the Interest of [C.M.G.]*, cause number 2001-25797, pending in the 257th District Court of Harris County, Texas, the Hon. Judy Warne presiding.

## Background

On November 28, 2005, the trial court held Gibbs in contempt for failing to make child support payments to Pogue. The trial court sentenced Gibbs to a total of 180 days' confinement in jail as punitive incarceration for criminal contempt, but the trial court suspended the imposition of that sentence on specified terms and conditions.

On December 18, 2006, the trial court found that Gibbs violated the terms and conditions of his suspended sentence, revoked the suspension of his commitment, and ordered him committed to the county jail.

The trial court, however, once again suspended the imposition of Gibbs' sentence on March 30, 2007. And, on May 7, 2008, the trial court issued an "Amended Agreed Order Revoking Commitment and Amended Order for Payment of Previous Judgment for Child Support Arrearages and Order to Appear," finding that Gibbs had served 39 days of his sentence and suspending imposition of the remainder of the sentence conditioned on Gibbs' compliance with specified terms and conditions.

On May 14, 2014, the trial court, for the second time, revoked the suspension of Gibbs' sentence and committed Gibbs to the county jail to serve his 180-day sentence for criminal contempt. Further, as a civil-coercive-contempt measure, the trial court ordered that after Gibbs had served the punitive-contempt

2

sentence, he remain in jail until he paid $25,788.21 towards his child support arrearage, $1,500 in attorney's fees, and $63 in court costs, for a total of $27,351.21.

Gibbs' confinement started on May 14, 2014. By October 2, 2014, he had served the equivalent of the remainder of his 180-day criminal-contempt sentence. Thus, from October 2, 2014, through March 11, 2015, when he posted the bond authorized in our prior order, Gibbs was incarcerated pursuant to the civil-coercive-contempt provision of the May 14, 2014 order.

**Analysis**

In his sole issue, Gibbs contends that the trial court's order committing him to jail as a civil-coercive-contempt provision is void because he is financially unable to perform the condition of paying $27,351.21 to purge his contempt. In a March 4, 2015 affidavit attached to his petition, Gibbs asserts that he does not have the financial resources to satisfy the civil-coercive-contempt provision assessed against him; that because of his incarceration he is unemployed and receives no income from any business; that he receives no rent payments, interest, or dividend income; that he has no inheritance; that he has no tax refund; that he receives no money from governmental agencies; that he has no pension, retirement, or annuity accounts; that no person owes him money and he is indebted to friends; that he has no property he could sell or mortgage; that his vehicle has been repossessed; that

3

he was evicted from his residence; that his personal possessions are worth only a few hundred dollars if he were able to sell them; that he has no equipment, tools, or firearms he could sell; that he has no stocks or securities; that he is not able to borrow money from friends or from any lending institutions; that he knows of no source from which he could obtain the funds to purge his civil contempt; and that his friend has paid his legal fees but cannot loan him the money to purge his civil contempt.

Pogue's response asserts that Gibbs "must establish impossibility of compliance with release provisions under civil or coercive contempt at the time of the commitment order." Pogue further asserts that the trial court held two hearings on two "Motion[s] for Jail Review and Early Release," that the trial court denied the first motion on October 7, 2014, and denied the second motion on January 8, 2015, and that Gibbs failed to provide records of those hearings to this Court when he filed his petition for writ of habeas corpus. Pogue neither addresses Gibbs' current ability to purge the trial court's civil-coercive-contempt order nor controverts the assertions in Gibbs' March 4, 2015 affidavit.

"An order of contempt imposing a coercive restraint is void if the condition for purging the contempt is impossible of performance." *Ex parte Dustman*, 538 S.W.2d 409, 410 (Tex. 1976) (orig. proceeding). Therefore, unless a relator has the means by which he may purge himself of contempt, he must be discharged

4

from jail. *See id.* Further, because "keeping a person until he performs an act, which is beyond his power to perform, is no more acceptable when the inability arises after he is imprisoned than it would be if the inability existed at the time the imprisonment began," a showing of a relator's present inability to pay renders a trial court order imposing a coercive restraint void. *Ex parte Garrison*, 853 S.W.2d 784, 785 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding).

Here, Gibbs has filed an uncontroverted affidavit establishing his present inability to purge the civil contempt provision imposed by the trial court's May 14, 2014 order, and the affidavit is corroborated by Gibbs' 160 days of incarceration under the civil portion of the contempt order, after completing the criminal portion of his contempt sanctions. *See Ex parte Dustman*, 538 S.W.2d at 410; *In re Kaptain*, No. 01-04-00001-CV, 2004 WL 213492, at *2 (Tex. App.—Houston [1st Dist.] Feb. 5, 2004, orig. proceeding) (mem. op.); *In re Beckham*, No. 01-00-00058-CV, 2000 WL 232918, at *3 (Tex. App.—Houston [1st Dist.] Feb. 24, 2000, orig. proceeding) (not designated for publication); *Ex parte Garrison*, 853 S.W.2d at 787–88. And Pogue's argument that Gibbs failed to provide the statements of facts from the hearings held on October 7, 2014, and January 8, 2015, is without merit; although evidence of Gibbs' inability to pay in October 2014 and January 2015 may be relevant, it "is not necessary to show his present, uncontested inability to pay." *Ex parte Garrison*, 853 S.W.2d at 787. Therefore,

we conclude that Gibbs is currently unable to perform the condition of paying $27,351.21 specified by the trial court for him to secure his release. *See In re Kaptain*, 2004 WL 213492, at *2.

## Conclusion

Accordingly, we hold the portion of the May 14, 2014 order committing Gibbs to the county jail until the $27,351.21 is paid to be void and order the Sheriff to unconditionally release Gibbs from confinement. *See Ex parte Dustman*, 538 S.W.2d at 410; *In re Kaptain*, 2004 WL 213492, at *2; *In re Beckham*, 2000 WL 232918, at *3–4; *Ex parte Garrison*, 853 S.W.2d at 788. This, of course, does not relieve Gibbs of his obligation to pay the child support arrearage, attorney's fees, and court costs.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.