Ex parte Robert DUSTMAN, Petitioner.

No. B–5850.

Supreme Court of Texas.

June 9, 1976.

McGlasson & Cox, Gene McGlasson, Jr., Canyon, for relator.

Dee D. Miller, Amarillo, for respondent.

DANIEL, Justice.

This is an original habeas corpus proceeding. Relator, Robert Dustman, has been adjudged in contempt by the 47th District Court of Randall County for failure to make payments for the support of his minor children as required by a divorce judgment entered by that court on November 28, 1972. The contempt decree assessed a fine of one dollar against Dustman and ordered that he be committed to jail until he purges himself of the contempt by paying $4,710 in delinquent child support plus court costs amounting to $22. We order relator discharged.

Under the 1972 divorce decree, Dustman became obligated to pay child support payments of $150 per month. It appears from the record that as of October 31, 1975, only one such monthly payment had been made. Article 1911a, V.A.T.S., authorizes punishment for contempt by a fine of not more than $500 and by confinement in county jail for not more than six months. We are not concerned here with the power of the trial court to impose punishment within these limits. Rather, our consideration relates to the coercive portion of the contempt decree, the indefinite confinement of relator until payment of the $4,710 and court costs.

The evidence bearing upon relator's ability to pay the arrearage at the time of the contempt hearing on October 31, 1975 is not controverted. He testified that he desired to pay the $4,710 as soon as possible but was unable to pay it at the time of the hearing; that he was employed by a swimming pool company; that his work week ranged from ten to forty hours per week due to the seasonal nature of the work; and that he wished to pay off the arrearage over a period of time but simply did not know how he would do so. In his petition for writ of habeas corpus, Dustman makes the following sworn statements concerning his ability to pay, which statements remain uncontradicted:

[H]e is unable to comply with the Order of the Court to pay FOUR THOUSAND SEVEN HUNDRED TEN AND NO/100 ($4,710.00) DOLLARS by virtue of financial inability . . .. [H]e only grossed THREE THOUSAND FIVE HUNDRED THIRTY–FOUR AND 50/100 ($3,534.50) DOLLARS during the year of 1975. [H]e is unable to borrow the said sum to secure his release. [He] has no property he could mortgage to raise said sum.

The duration of Dustman's incarceration is some corroboration of his uncontradicted testimony. *Ex parte Fiedler*, 446 S.W.2d 698 (Tex.Civ.App.1969, no writ). He was held in contempt on October 31, 1975. On November 6, 1975, the order of commitment was issued, and on the same day Dustman was taken into custody. From that time until March 3, 1976, when he was released on bond pursuant to this Court's order, he remained in the county jail in Randall County. In *Ex parte Fiedler*, where the relator had been incarcerated for only seven days before filing a writ of habeas corpus, this period of seven days was considered corroboration of relator's testimony concerning inability to pay the outstanding child support. Dustman, however, remained in the Randall County jail almost four months before being released on bond. Certainly, the duration of his incarceration is some corroboration of his inability to purge himself of the contempt by paying the $4,710 plus court costs.

An original habeas corpus proceeding in this Court is a collateral attack upon the contempt order, and the relator may be relieved of that order's impositions only if the order is void. *Ex parte Thetford*, 369 S.W.2d 924 (Tex.1963). *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184 (1953). An order of contempt imposing a coercive restraint is void if the condition for purging the contempt is impossible of performance. *Ex parte Smyers*, 529 S.W.2d 769 (Tex. 1975). *Ex parte Rohleder*, 424 S.W.2d 891 (Tex.1967). *Ex parte Wagner*, 368 S.W.2d 185 (Tex.1963). *Ex parte Townsley*, 156 Tex. 402, 297 S.W.2d 111 (1956). *Ex parte DeWees*, 146 Tex. 564, 210 S.W.2d 145 (1948). Unless he has the means by which he may purge himself of the contempt, the relator must be discharged from jail. Otherwise, as stated in *Ex parte DeWees*, the effect of denying the writ of habeas corpus when the relator is unable to purge himself would be to authorize the trial court to confine the relator for the balance of his natural life.

The testimony of Dustman falls within the exception giving conclusive effect to testimony of an interested party where "it is clear and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony." *McGuire v. City of Dallas*, 141 Tex. 170, 170 S.W.2d 722 (1943). The record before us conclusively establishes that it is not within the power of Dustman to perform the act which would result in his release from the continuing imprisonment imposed upon him by the contempt decree. We hold, therefore, that the trial court exceeded its power in ordering that relator be imprisoned until the $4,710 plus court costs is paid. *Ex parte Gonzales*, 414 S.W.2d 656 (Tex.1967). *Ex parte Rohleder, supra.*

The relator is discharged.