J. Scott MANN, III, Appellant,

v.

**FRANKLIN FEDERAL BANCORP, Appellee.**

No. 3–90–130–CV.

Court of Appeals of Texas, Austin.

Sept. 26, 1990.

James M. Steed, Richie & Greenberg, P.C., Austin, for appellant.

Joe Latting, Liddell, Sapp, Zivley, Hill & LaBoon, Austin, for appellee.

Before CARROLL, ABOUSSIE and JONES, JJ.

PER CURIAM.

CreditBanc Corporation ("CreditBanc"), plaintiff in the underlying cause, seeks to appeal from a take-nothing judgment entered by the district court of Travis County in CreditBanc's suit against appellee Franklin Federal Bancorp ("Franklin Federal"). CreditBanc has filed a motion to extend time to file transcript. We will dismiss the motion and will dismiss the appeal for want of jurisdiction.

By its first amended petition, CreditBanc sought monetary and declaratory relief based on the alleged failure of Franklin Federal to honor CreditBanc's check. The petition asserts that appellant J. Scott Mann, III, was "at all times the sole shareholder of Plaintiff" but does not name Mann as a party to the suit. On February 5, 1990, the district court entered judgment that CreditBanc take nothing on its claims against Franklin Federal. CreditBanc filed a timely motion to modify judgment or, in the alternative, motion for new trial on February 28. Tex.R.Civ.P.Ann. 329b(a) (Supp.1990).

■■ A cost bond on appeal was timely filed with the district clerk of Travis County on May 7. Tex.R.App.P.Ann. 41(a)(1) (Supp.1990). In pertinent part, the bond states:

.... J. Scott Mann, III, as principal, and ..., as sureties, acknowledge ourselves bound to pay to CreditBanc Corporation Appellee, the sum of $1000 ... conditioned that J. Scott Mann, III, Appellant shall prosecute the appeal with effect....

J. Scott Mann, III, signed the bond as principal.

Texas R.App.P.Ann. 46(a) (Supp.1990) provides, "Unless excused by law, the appellant shall execute a bond...." The rule requires that the party appealing be named in the bond and execute the bond as principal or have the bond executed by someone having legal authority to act for him. *Owen v. Brown,* 447 S.W.2d 883, 885 (Tex. 1969). A bond executed by a stranger or non-party to the suit is insufficient to invoke the jurisdiction of the appellate court when filed on behalf of another who is party to the suit. *Governing Board v. Pannill,* 561 S.W.2d 517, 522 (Tex.Civ.App. 1977, writ ref'd n.r.e.).

■ Under the preceding rules, we conclude that the cost bond naming J. Scott Mann, III, a non-party, as principal is insufficient to invoke the jurisdiction of this Court. *See Bailey v. Capitol City Trade and Technical School,* 777 S.W.2d 558 (Tex.App.1989, no writ). Although Mann may have the authority to act on behalf of CreditBanc, the bond does not reflect such authority and was not executed on behalf of CreditBanc. The bond, in fact, shows CreditBanc as an appellee.

■ We note that a proper appellant may have an opportunity to amend a defective bond. *Davis v. Jefferies,* 764 S.W.2d 559 (Tex.1989); *Woods Exploration & Producing Co. v. Arkla Equip. Co.,* 528 S.W.2d 568 (Tex.1975). In the instant cause, the Clerk of this Court, upon receipt of the transcript on June 12, requested counsel for CreditBanc to file an amended cost bond on appeal showing CreditBanc as appellant with the district clerk and a motion to amend cost bond with this Court. By notice dated August 28, the Clerk requested counsel to forward a supplemental transcript with an amended cost bond to this Court on or before September 7. To date, this Court has received neither a supplemental transcript nor a motion to amend cost bond.

Accordingly, because the cost bond on appeal is insufficient to invoke the jurisdiction of this Court, we dismiss the appeal for want of jurisdiction.