Ex parte Timothy Keith KING, Relator.

No. B14–91–00338–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 27, 1991.

Joseph Indelicato, Jr., Houston, for relator.

Bruce A. Baughman, Baytown, for respondent.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

OPINION

ELLIS, Justice.

This is an original habeas corpus proceeding. Relator, Timothy Keith King, seeks relief from an order of contempt and commitment order entered by the 308th District Court of Harris County on October 11, 1990 in Cause No. 84–19541. We granted relator leave to file his petition and ordered the Sheriff of Harris County to release him on personal recognizance pending resolution of this cause. TEX.GOV'T CODE ANN. § 22.221(d) (Vernon 1988). The record before this court contained no statement of facts from the trial court's hearings on relator's motion for release for inability to purge himself of the trial court's order of contempt and commitment order. On October 3, 1991, we abated this cause to the trial court to conduct a hearing within 60 days to determine relator's present financial condition and his ability to discharge the contempt order. The trial court conducted a hearing on October 17, 1991 and relator failed to appear. We conclude that relator did not establish inability to pay as set out in the TEX.FAM.CODE ANN. § 14.40 (Vernon Supp.1991). We therefore deny his petition for writ of habeas corpus and order relator remanded to the custody of the Sheriff of Harris County.

Relator bases his request for a writ of habeas corpus on one point of error: that relator's confinement is illegal because relator lacks ability to pay the arrearage and thus cannot purge himself of contempt.

Divorce in this case was granted on June 8, 1984. On December 11, 1989, a con-

tempt hearing was held, and a record of the statement of facts was made. Relator was found to be in contempt for failure to make the required child support payments in the amount of $275 per month as ordered by the 1984 divorce decree. Relator was fined $500 and ordered to jail to serve from day to day until he purged himself of $3,575 child support arrearage and court costs of $162. However, due to an agreed order, the jail time and fine were suspended and the court ordered relator to return January 31, 1990 for commitment if he had not paid $1,000 toward the arrearage of child support. On January 31, 1990, a record was made of this compliance hearing. Relator appeared and an indigency hearing was held and relator was found not to be indigent. The court at this hearing found that relator failed to comply with the court's order and that relator was able to pay the child support as ordered. The court sentenced relator to 180 days in the Harris County jail and to remain from day to day until he purged himself by paying $3,575 child support arrearage, attorney fees of $750 and cost of court in the amount of $162.

On July 26, 1990, relator was again brought to court after he completed serving his 180 days and was released on probation. Relator was ordered to appear on October 11, 1990, for a compliance hearing. On October 11, 1990, relator appeared, a record was made by the court reporter, and the court found that relator had not complied with the terms of his probation. His probation was revoked and he was placed in the Harris County jail for a term of day to day until he purged himself by paying $3,575 child support arrearage plus costs of court. On December 19, 1990, relator's motion for rehearing was heard by the court and denied. A record of the statement of facts of the hearing was made by the court reporter. On April 9, 1991, relator filed a motion for release which was heard on April 11, 1991 and denied. A record of the statement of facts was made by the court reporter. A motion for rehearing was filed the same day and also denied. Relator remained in jail until his release by personal recognizance upon filing this writ of habeas corpus on April 15, 1991.

■ In asserting the affirmative defense of inability to pay, relator has the burden to prove his inability to obey the order of the court by a preponderance of the evidence. Tex.Fam.Code Ann. § 14.40(h) (Vernon Supp.1991); Contra *Ex parte Rohleder*, 424 S.W.2d 891 (Tex.1967) (prior to Nov. 1, 1987 when Tex.Fam.Code Ann. § 14.40 was amended, relator was required to prove evidence "conclusively established" inability to pay). This issue's existence does not arise unless evidence is admitted at his hearing supporting the defense. Tex.Fam.Code Ann. § 14.40(h) ("The issue of the existence of an affirmative defense does not arise unless evidence is *admitted* supporting the defense.") (emphasis added); *See also Ex parte Rohleder, supra*, at 892. (relator required to show evidence "at the time of the contempt hearing"). There is no record before this court of evidence admitted by relator at his hearings, other than the fact he has been in jail, to raise the existence of this affirmative defense. Failing to find any statement of facts in the record from relator's last hearing before the court concerning his inability to pay on April 11, 1991, this court abated relator's proceeding to the trial court for a subsequent hearing and ordered that a statement of facts be made. A hearing was held on October 17, 1991 in which relator failed to appear. The only evidence now before this court is a conclusory affidavit, never admitted to the trial court, and the fact that relator has been incarcerated for failing to obey the court's divorce decree. The affidavit states:

"My name is Timothy Keith King.... I have no property which can be sold or mortgaged in order to obtain the amount necessary for my release. I have contacted friends and relatives, all have refused to loan me the necessary amount for my release. I have tried to borrow money from every source including financial institutions and my ex-employer all said attempts have been unsuccessful. I know of no other source from which the necessary amount can be obtained. I

am not presently employed, due to the fact that I have been in jail for over 180 days."

Relator is required to prove by evidence presented to the trial court: (1) that the obligor lacked ability to provide support in the amount ordered, (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the funds needed, (3) attempted unsuccessfully to borrow the needed funds, and (4) knew of no source from which the money could have been borrowed or otherwise legally obtained. TEX.FAM. CODE ANN. § 14.40(g). We do not know what evidence relator presented at his hearing on April 11, 1991 as to each of these statutory requirements.

■ Relator argues based on *Ex parte Dustman*, 538 S.W.2d 409, 410 (Tex.1976) that this court has authority to find that relator proved the statutory requirements for inability to pay based solely on the affidavit filed with his writ of habeas corpus to this court corroborated with the time he spent in jail. We disagree. In *Ex parte Dustman*, the Texas Supreme Court allowed duration of incarceration to be *some* corroboration of *uncontradicted testimony*. *Id.* at 410 (citing *Ex parte Fiedler*, 446 S.W.2d 698 (Tex.Civ.App.1969, no writ)). However, the court did not corroborate just the affidavit of inability to pay filed in the original proceeding with incarceration. A statement of facts was filed which showed what evidence was considered by the trial court. The statement of facts indicated that Dustman desired to pay the child support but could not at the time of the trial court's hearing because his employment was seasonal in nature and he could not earn the money at the time of the hearing. The court also noted that the affidavit stated the amount he grossed in that year based on his seasonal employment ($3,534.50) which was substantially less than what he was required to pay under the court's order ($4,710.00). Reviewing this uncontradicted testimony together with the amount of jail time, the court found that the record of the trial court conclusively established that the relator had no power to comply with the contempt decree to purge himself and should, therefore, be released. *Id.*

■ When granting a writ of habeas corpus turns on factual evidence such as inability to perform an order, the appellate court can not determine whether such inability actually existed unless application is accompanied by a statement of facts. *Ex parte Linder*, 783 S.W.2d 754, 760 (Tex. App.—Dallas 1990, orig. proceeding); *Ex parte Crawford*, 506 S.W.2d 920, 922 (Tex. Civ.App.—Tyler 1974, orig. proceeding); *See also Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex.1990) (error for appeals court to adjudicate controversy over election code violation based on conflicting affidavits presented with original mandamus proceeding); *Ex parte Occhinipenti*, 796 S.W.2d 805, 808–9 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (absent statement of facts with relator's petition for writ of habeas corpus, court presumed father validly waived right to counsel); TEX.R.APP.P. 120(b)(6) (places burden on relator to present facts sufficient to establish his right to relief); TEX. R.APP.P. 120(b)(7) (places burden on relator to present a statement of facts when appropriate). In the absence of a statement of facts, the court considering a habeas corpus application will presume there was evidence to support the trial court's judgment of contempt. *Ex parte Linder, supra*, at 760 (citing *Ex parte Savelle*, 398 S.W.2d 918, 921 (Tex.1966)); *Ex parte Nivens*, 592 S.W.2d 1 (Tex.Civ.App.—Houston [14th Dist.] 1979, orig. proceeding)); *Ex parte Wagner*, 368 S.W.2d 185, 187 (Tex.1963).

We note that the First Court of Appeals in *Ex parte Peters*, 770 S.W.2d 640 (Tex. App.—[1st Dist.] Houston 1989, orig. proceeding), and in *Ex parte Mabry*, 792 S.W.2d 588 (Tex.App.—[1st Dist.] Houston 1990, orig. proceeding), appears to have corroborated solely the affidavit attached to the writ of habeas corpus with incarceration time as proof of inability to pay. We decline to follow the First Court of Appeals. By analogy, in a mandamus proceeding, the Texas Supreme Court made clear that appellate courts are not to decide factual questions solely on affidavits

presented with original proceedings. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712 (Tex.1990). In *Brady,* the Republican candidate for Place One on the First Court of Appeals filed a mandamus to compel the Chairman of the Texas Democratic Executive Committee to remove her opponent from the Democratic primary ballot contending that there were inadequate numbers of registered voters signing opponent's petition to satisfy the requirements of the Texas Election Code. Both the relator and real party in interest filed affidavits concerning the dispute over the actual number of signers who were registered voters. The court of appeals issued the writ concluding that there were inadequate numbers of signatures from registered voters based on the affidavits presented. The Texas Supreme Court reversed the appellate court and stated that an appellate court does not have authority to deal with disputed areas of fact in an original mandamus proceeding. *Id.* at 714. We believe this same principle applies in an original proceeding for habeas corpus relief. To decide relator's status for inability to pay solely on an affidavit corroborated with his jail time, puts this court in the position of determining a legitimate fact issue which should have been presented to the trial court below. Relator did not present us a statement of facts when he petitioned to this court for writ of habeas corpus which would have showed what evidence was before the trial court in determining his inability to pay. We gave relator a second opportunity to present a statement of facts when this matter was abated to the trial court on October 3, 1991 to conduct a hearing to determine his inability to pay. Relator did not show up at this hearing. As a result, we are unable to review relator's lack of ability to purge himself of the trial court's contempt order. Relator's point of error one is overruled.

Accordingly, we deny relator's petition for writ of habeas corpus and order relator remanded to the custody of the Sheriff of Harris County.