**ATTORNEY GENERAL OF TEXAS, Appellant,**

v.

**William David STEEN, Appellee.**

**No. 3–91–197–CV.**

Court of Appeals of Texas, Austin.

April 15, 1992.

---

Dan Morales, Atty. Gen., Rhonda Amkraut Bayer, Asst. Atty. Gen., Child Support Enforcement Div., Austin, for appellant.

David Steen, pro se.

No appellee's brief filed.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

This is a Title IV–D interstate child-support case brought under the Revised Uniform Reciprocal Enforcement of Support Act, Tex.Fam.Code Ann. §§ 21.01–.43 (Supp.1992) (RURESA). *See* Tex.Fam.Code Ann. § 14.80(2) (Supp.1992) (defining "Title IV–D case"). Because no party to the district court's final order has appealed, we will dismiss the cause for want of jurisdiction.

Elizabeth R. Smith divorced appellee William David Steen in 1983 in a Texas district court, and she was appointed managing conservator of the minor children and awarded child support from Steen. Smith remarried in 1987 and relocated to New York. Steen filed a motion to modify in the Texas court requesting that he be appointed managing conservator. Smith responded by filing a motion to modify seeking increased child support. The district court modified the order to appoint Steen and Smith as joint managing conservators and reduced Steen's child-support obligation. Smith then applied to a New York state family court for child-support enforcement services pursuant to New York's version of RURESA. The Attorney General of Texas filed the documents received from New York in Texas district court pursuant to RURESA. *See* Tex.Hum.Res. Code Ann. § 76.001 (1990) (attorney general's office to administer statewide plan for child support). The district court concluded that the RURESA petition was actually a motion to modify governed by chapter 14 of the Family Code instead of RURESA because of the underlying Texas support order. Tex.Fam.Code Ann. §§ 14.01–.13 (1986 & Supp.1992). The district court further concluded that Smith had failed to show a material and substantial change in circumstances to justify granting a motion to modify under chapter 14 and, therefore, denied Smith's petition for support. *See* Tex.Fam.Code Ann. § 14.08(c) (Supp.1992). The district court also awarded Steen $5000.00 in attorney's fees.[1]

■ The attorney general, not Elizabeth Smith, filed a notice of appeal.[2] At this

---

1. The parties to the district court's final order were Elizabeth Steen Smith and David Steen.

2. The notice of appeal reads in pertinent part:

No. 487,209

| ELIZABETH R. SMITH | )( | IN THE 126TH JUDICIAL |
| v. | )( | DISTRICT COURT OF |
| WILLIAM DAVID STEEN | )( | TRAVIS COUNTY, TEXAS |

Court's direction, the Clerk wrote the attorney general on February 28, 1992, regarding the apparent lack of an appeal by any party to the district court's final order.[3] The attorney general has now responded, emphasizing his responsibility to represent Smith and prosecute her child-support case. We agree with the description of the attorney general's responsibilities, but fail to see how these responsibilities entitle the attorney general to appeal in place of Smith.

The attorney general is Elizabeth Smith's *attorney* in a Title IV–D interstate child-support case; he represents Elizabeth Smith. RURESA § 21.18(c); Tex.Hum. Res.Code Ann. § 76.007 (1990); *see generally* Supreme Court of Texas, State Bar Rules, art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rules 1.01, 1.02, 1.03, 1.05 (1989) (client-lawyer relationship). Although RURESA states that the "prosecuting attorney ... may ... perfect an appeal," there is nothing in the Act to suggest that the attorney general may perfect the appeal for himself, as opposed to perfecting it for his client. RURESA § 21.34. We are not aware of any federal or state law in Title IV–D cases that re-

places the normal procedure for perfecting an appeal. *See* Tex.R.App.P.Ann. 46 (Pamph.1992). RURESA does allow a state or political subdivision that furnishes support to an individual obligee to "step into" the shoes of the obligee and directly seek reimbursement for support furnished, but that is not the case here. *See* RURESA § 21.08. The attorney general is not representing the State of New York, and the attorney general is not legally able to "step into" the shoes of Elizabeth Smith.[4]

This is not the first time this Court has raised the issue of whether the attorney general is a proper party in a child-support case. *State ex rel. [, in Behalf of] Williams v. Green,* 746 S.W.2d 940, 941 n. 1 (Tex.App.1988, writ denied). The cost bond in *Williams,* however, did state that the attorney general was appealing "on behalf of Elizabeth Williams," and we concluded that Williams had appealed, despite the fact the attorney general was claiming to be a party.[5] The attorney general characterizes the *Williams* case as "hypertechnical," but we cannot consider on appeal the claims of a stranger to the district court's final order.

### NOTICE OF APPEAL
### IN LIEU OF BOND

The Attorney General of Texas files this Notice of Appeal in lieu of cost bond pursuant to Texas Rules of Appellate Procedure Rule 40(a)(2), and hereby notifies this Court and all parties of its intention to appeal the judgment of this Court signed on January 15, 1991, in the above-entitled and numbered cause.

No bond is required, pursuant to Texas Civil Practice and Remedies Code § 6.001 (Vernon 1987), since this appeal is taken by the Texas Attorney General.

3. The letter states in pertinent part:

After an initial review of the cause, it appears to the Court that no party to the trial court's January 15, 1991, order on petition for support has perfected an appeal. Tex.R.App. P.Ann. 46 (Pamph.1992); *see State ex rel. [, in Behalf of] Williams v. Green,* 746 S.W.2d 940, 941 n. 1 (Tex.App.1988, writ denied). *Compare City of San Antonio v. Rodriguez,* 828 S.W.2d 417 (Tex.1992), *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499 (Tex.1991). *See generally* 42 U.S.C. § 654(9) (1988); 45 C.F.R. §§ 302.36, 303.7 (1991); Revised Uniform Reciprocal Enforcement of Support Act, Tex.Fam.Code Ann. §§ 21.18, .34 (Supp.1992); Tex.Hum.Res.Code Ann. § 76.007 (1990). Accordingly, the Court

has directed me to request that you file a letter brief addressing whether the Court has jurisdiction over this cause. The letter brief should be filed on or before March 13, 1992.

4. Because the attorney general must pay the costs it incurs in processing interstate IV–D cases, the attorney general may be correct in stating that it is not necessary to file a cost bond in such cases. *See* 45 C.F.R. § 303.7(d) (1991); Tex.Civ.Prac. & Rem.Code Ann. § 6.001 (1986 & Supp.1992).

5. Because the obligee is the proper appellant and not the attorney general, we do not recommend to the bar's use the form of the notice of appeal in *Williams.*

We do agree with the attorney general that "a proper appellant may have an opportunity to amend a defective bond." *Mann v. Franklin Fed. Bancorp,* 796 S.W.2d 318, 319 (Tex.App.1990, no writ). We also acknowledge that a court of appeals has jurisdiction over an appeal when the appellant files an instrument that is a bona fide attempt to invoke appellate court jurisdiction. *Mueller v. Saravia,* 826 S.W.2d 608, 609 (1992); *City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (1992); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991). The attorney general appears to argue that these cases would allow a proper appellant to amend a notice of appeal filed by an improper appellant, especially in a case such as this. The problem, however, is that the attorney general has made no attempt to amend the notice of appeal, presumably because he erroneously believes he is the proper appellant. Given this situation, we have no choice but to dismiss the appeal.

The appeal is dismissed for want of jurisdiction.

Dan Morales, Atty. Gen., Rhonda Amkraut Bayer, Asst. Atty. Gen., Child Support Enforcement Div., Austin, for appellant.

David Steen, pro se.

No appellee's brief filed.