IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-571-CV






EX PARTE: EDDIE C. HOLDREN, RELATOR










 




ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY



 





PER CURIAM



 Relator Eddie C. Holdren has filed an original habeas corpus proceeding in this
Court by which he seeks discharge from the custody of the sheriff of Williamson County. See
Tex. Gov't Code Ann. § 22.221(d) (West Supp. 1993); Tex. R. App. P. 120. Relator is confined
in jail pursuant to an judgment of contempt and order of commitment rendered by the district
court of Williamson County. (1) We will deny the application for writ of habeas corpus.

 Relator was required to pay the amount of $300.00 per month beginning December
15, 1987, to Sharon K. Holdren ("Holdren") for the support of their two children. In December
1989, the Attorney General of Texas filed a motion for enforcement and for further orders on
child support obligation on Holdren's behalf. See Tex. Hum. Res. Code Ann. § 76.007 (West 1990); Attorney Gen. of Tex. v. Steen, 833 S.W.2d 175 (Tex. App.--Austin 1992,
no writ). After a hearing in November 1990, the district court of Williamson County reduced the
arrearage to judgment in the amount of $8,349.45; found relator in contempt for failure to pay
the court-ordered support; and ordered him confined to jail for 180 days and thereafter until he
paid the amount of $2,400.00 toward the arrearage. The trial court deferred commitment until
December 21, 1990.

 Relator failed to appear on that date and the trial court issued an order for writ of
commitment on January 8, 1991. In August 1992, relator turned himself in to the Williamson
County sheriff. After a hearing, the trial court remanded relator to the custody of the sheriff as
ordered in November 1990. Relator filed his application for writ of habeas corpus with this Court
on November 23, 1992.

 In his application, relator generally asserts that he was not represented by counsel
and that he did not have the means to pay support. (2) In its response, the Attorney General states
that, in November 1990, the trial court held a hearing and determined that relator was not indigent
and, therefore, not entitled to court-appointed counsel. See Tex. Fam. Code Ann. § 14.32(f)
(West Supp. 1993). The court then reset the hearing on the motion to enforce to allow relator
time to obtain counsel. The order of November 16, 1990, States that relator appeared in person
"after previously being found not indigent." The trial court also found that relator was financially
able to make the payments on the date each was due.

 The matter is before this Court without statements of fact from the relevant
hearings. See Tex. R. App. P. 120(b)(7). We recognize that relator has had difficulty in
submitting a record to this Court. Nevertheless, we are unable to review his contentions that he
is indigent and unable to pay the amounts as ordered in the absence of a sufficient record. See
Ex parte Linder, 783 S.W.2d 754, 760 (Tex. App.--Dallas 1990, orig. proceeding); Ex parte
Crawford, 506 S.W.2d 920, 922 (Tex. Civ. App. 1974, orig. proceeding) (if granting of
application for writ of habeas court depends on factual evidence such as inability to comply with
order or to employ attorney, reviewing court cannot determine issue without statement of facts). 
Relator has the burden to bring forth a record sufficient to show his entitlement to relief. Tex.
R. App. P. 120(b)(7); Ex parte Occhipenti, 796 S.W.2d 805, 808-09 (Tex. App.--Houston [1st
Dist.] 1990, orig. proceeding); Ex parte Lowery, 518 S.W.2d 897, 899 (Tex. Civ.
App.--Beaumont 1975, orig. proceeding).

 This Court recognizes that relator's incarceration may affect his ability to pay the
amounts necessary to purge himself of contempt. See Ex parte Dustman, 538 S.W.2d 409, 410
(Tex. 1976, orig. proceeding); Ex parte King, 819 S.W.2d 944, 946-47 (Tex. App.--Houston [14th
Dist.] 1991, orig. proceeding). Without a sufficient record, however, this Court cannot determine
if relator conclusively established that he is unable to pay the delinquency and that he has no
source from which he might expect to obtain the funds to discharge the arrearage. See Ex parte
Ramon, 821 S.W.2d 711, 713 (Tex. App.--San Antonio 1991, orig. proceeding); King, 819
S.W.2d at 946-47. It appears that, after relator serves the 180 days, the trial court should hold
a hearing to determine whether relator can comply with the coercive portion of the contempt
judgment. See Dustman, 538 S.W.2d at 410; King, 819 S.W.2d at 945.

 We deny the application for writ of habeas corpus. See Tex. R. App. P. 120(d).


[Before Chief Justice Carroll, Justices Jones and Kidd]

Application for Writ of Habeas Corpus Denied

Filed: January 20, 1993

[Do Not Publish]

1.   Holdren appears before this Court pro se and states that he is unable to obtain copies
of the relevant orders. At this Court's request, the district clerk of Williamson County
submitted certified copies of the final decree of divorce, the motion for enforcement, the
order enforcing child support obligation, and the order for writ of commitment. At this
Court's request, the Attorney General of Texas filed a response to relator's application.
2.   Relator also suggests that the amount of the arrears incorrectly included amounts for
medical expenses. Our review of Holdren's motion for enforcement and the trial-court order
indicates that such amounts are not part of the total arrearage of $8349.45. The order
expressly states that the amount does not include "arrears for medical insurance premium
coverage payments." Relator also states that he was found guilty of criminal non-support. 
See Tex. Penal Code Ann. § 25.05 (West 1989). The record does not show a prosecution or a
conviction pursuant to this provision.