TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00308-CV







Ex Parte: David Carl McIntosh, Relator









HABEAS CORPUS PROCEEDING FROM TRAVIS COUNTY







PER CURIAM


 

 Relator David Carl McIntosh filed a petition for writ of habeas corpus in this Court
seeking discharge from the custody of the Travis County sheriff. See Tex. Gov't Code Ann. §
22.221(d) (West Supp. 1995); Tex. R. App. P. 120. On receipt of the petition, the Clerk of this
Court, by letter dated May 26, 1995, directed relator to supplement the petition with a certified
copy of the order, judgment, or decree of which relator was held in contempt; a certified copy of
the motion for contempt; certified copies of the judgment of contempt and the order of
commitment and the writ of commitment; and, if necessary, a statement of facts. See Tex. R.
App. P. 120(b)(7). The Clerk received and filed a certified copy of real party in interest Janice
Glass McIntosh's ("McIntosh") third motion to enforce child-support and spousal support order
by contempt, a certified copy of the judgment of contempt and order of commitment, and an
unsigned, uncertified copy of the parties' final decree of divorce. (1)

 By her motion, McIntosh sought to hold relator in contempt for his failure to pay
support as ordered in the trial court's order signed on January 26, 1995. See Ex parte Hall, 854
S.W.2d 656, 658 (Tex. 1993) (order requiring temporary support payments is enforceable by
contempt). As set out in the judgment of contempt, the trial court found relator in contempt for
failure to make payments due in April and May 1995 and ordered him confined in the Travis
County jail for 270 days. Relator was to remain confined for at least five days and until he paid
an arrearage of $2060.83 and attorney's fees of $500.00 or 265 days. If relator paid the
$2560.83, the remaining period of confinement was suspended conditioned on the payment of
$400.00 per week, beginning June 1, 1995, and ending January 18, 1996.

 In his brief in support of the petition, relator argues that he is unable to pay the
amounts ordered and has no means to purge himself of contempt, and that he has been denied due
process because the trial court did not allow him to present evidence of his income and expenses
from June 1994 through May 17, 1995, the date of the hearing. The trial court has apparently
rendered a sanction order for discovery abuse. See Tex. R. Civ. P. 215(2)(b). Relator states,
however, that the trial court allowed evidence of relator's income for the period of April 3, 1995,
through May 15, 1995, as the evidence related to the motion for contempt.

 Based on the record before this Court, we are of the opinion that we should deny
relator's request for relief. Relator has not provided a copy of the order of January 26, 1995, of
which he was found in contempt, or a statement of facts. (2) See Ex parte King, 819 S.W.2d 944,
946 (Tex. App.--Houston [14th Dist.] 1991, orig. proceeding) (appellate court cannot determine
whether inability to pay existed without statement of facts.). Any issues regarding the final decree
of divorce are not before this Court on the petition or amended petition for writ of habeas corpus
but must be addressed in an appeal from that order. If, after he has served the punishment portion
of the confinement, relator is unable to purge himself of contempt because he cannot pay the
amounts ordered he may request a trial court hearing to determine whether he can comply with
the coercive portion of the order. See Ex parte Dustman, 538 S.W.2d 409, 410 (Tex. 1976).

 Accordingly, we deny the amended petition for writ of habeas corpus. The petition
for writ of habeas corpus is dismissed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Amended Petition for Writ of Habeas Corpus Denied

Filed: June 7, 1995

Do Not Publish
1. [1] Relator also resubmitted the petition for writ of habeas corpus and brief in support of the
petition. The Clerk has filed these documents as an amended petition and brief.
2. [2] Furthermore, relator does not indicate that he will supplement his petition with a statement
of facts. In the letter of May 26, 1995, the Clerk directed relator to supplement his petition no
later than May 31, 1995