TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00394-CV







Ex Parte: Michael Lynn Keith, Relator







HABEAS CORPUS PROCEEDING FROM COMAL COUNTY







PER CURIAM



 Relator Michael Lynn Keith filed an application for writ of habeas corpus in this
Court seeking discharge from the custody of the Comal County sheriff. See Tex. Gov't Code
Ann. § 22.221(d) (West Supp. 1995); Tex. R. App. P. 120. On receipt of the application, the
Clerk of this Court, by letter dated July 10, 1995, directed relator to supplement the application
with a brief in support of the application; certified copies of the decree of which relator was held
in contempt, the motion for contempt, and the judgment of contempt and for commitment; proof
of restraint; and, if necessary, a statement of facts. Tex. R. App. P. 120(b)(5), (6), (7). The
Clerk received and filed relator's brief, the certified copies and proof of restraint on July 11.

 The trial court found relator in contempt for failure to pay child support in the
amount of $47,924 and ordered him confined in the Comal County jail for a period of six months
for each instance of contempt, each period to run concurrently, and until he paid the past-due child
support of $47,924 and attorney's fees of $883. Relator first asserts that the contempt order is
void because the record does not show a waiver of a right to jury trial.

 A contemnor does not have an absolute right to a jury trial in a contempt
proceeding. Ex parte Johns, 807 S.W.2d 768, 771 (Tex. App.--Dallas 1991, orig. proceeding). 
However, a contemnor does have the right in criminal contempt proceedings when the punishment
assessed is "serious." Ex parte Sproull, 815 S.W.2d 250, 250 (Tex. 1991); Ex parte Werblud,
536 S.W.2d 542, 546-47 (Tex. 1976) (citing Muniz v. Hoffman, 422 U.S. 454 (1975)). The
punishment at issue here is the six months confinement for each failure to pay child support, the
criminal provision of the contempt order. See Werblud, 536 S.W.2d at 546; Johns, 807 S.W.2d
at 771.

 "Imprisonment for more than six months establishes that the offense is a serious
one and entitles the contemnor to a jury trial as a matter of constitutional right." Ex parte Griffin,
682 S.W.2d 261 263 (Tex. 1984); see Werblud, 536 S.W.2d at 546 (sentence of as much as six
months may be imposed without jury trial); Ex parte Minns, 889 S.W.2d 16, 17 (Tex.
App.--Houston [1st Dist.] 1994, orig. proceeding) (serious criminal penalty exceeds six-months
confinement). The right to jury trial is dependent solely on the actual punishment imposed and
not the punishment possible. Griffin, 682 S.W.2d at 263. Here, the trial court has assessed
punishment at confinement for a six-month period; therefore, relator was not entitled to a jury
trial. See Werblud, 536 S.W.2d at 547 (contemnor not entitled to jury trial when trial court
imposed two separate $500 fines).

 Relator next asserts that the contempt order is void because each separate finding
of contempt is not set out in the order. The order states that relator "is in contempt for each
violation enumerated in Exhibit `A' attached hereto." Exhibit "A" lists each date on which relator
failed to make the required child-support payment. The order is sufficiently specific. Act of Apr.
6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Sess. Law Serv. 113, 182 (West) (Tex. Fam.
Code § 14.33(a), repealed and recodified at Tex. Fam. Code § 157.166(b), effective April 20,
1995); Ex parte Williams, 866 S.W.2 751, 763 (Tex. App.--Houston [1st Dist.] 1993, orig.
proceeding).

 Finally, relator asserts that the contempt order is not supported by evidence. 
However, relator has not provided a statement of facts or indicated that he will provide one. 
When granting the relief requested in a habeas corpus proceeding depends upon factual evidence,
such as the inability to perform, the appellate court cannot determine whether the inability existed
in the absence of a statement of facts. Ex parte King, 819 S.W.2d 944, 946 (Tex. App.--Houston
[14th Dist.] 1991, orig. proceeding); see Ex parte Roosth, 881 S.W.2d 300, 301 (Tex. 1994)
(inability to pay is affirmative defense that contemnor must prove by preponderance of evidence). 
This Court presumes that the evidence supports the order of contempt. King, 819 S.W.2d at 946;
see Tex. R. App. P. 120(b)(7) (relator has burden to provide statement of facts, when
appropriate).

 For the preceding reasons, this Court concludes that relator is not entitled to the
relief requested. We deny the application for writ of habeas corpus.


Before Justices Aboussie, Jones and B. A. Smith 

Application for Writ of Habeas Corpus Denied

Filed: July 19, 1995

Do Not Publish