**DENIED and Opinion Filed December 19, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01551-CV

## IN RE PHUNG VAN TRAN, Relator

**Original Proceeding from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-51820-2014**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Stoddart
Opinion by Justice Stoddart

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its August 11, 2014 order, "reverse all monies ordered, and cease imprisoning Relator." We deny the petition.

Relator first filed a petition in this case in which he failed to redact information that identified his minor children. By order dated December 9, 2014, we struck the petition and supporting appendix and granted relator leave to file a redrawn petition in compliance with rules 9.9 and 52 of the Texas Rules of Appellate Procedure. Relator's redrawn petition still fails to comply with rule 52. Rule 52 includes specific requirements concerning the form and contents of a petition for writ of mandamus. *See* TEX. R. APP. P. 52.3, 52.7. Relator has not complied with these requirements. He has not certified "that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator has not filed with the petition, as expressly required by rule 52.7, "a properly

authenticated transcript of any relevant testimony from any underlying proceeding." TEX. R. APP. P. 52.7(a)(2). Instead, despite the fact that rule 52.7 requires that a properly authenticated transcript of any relevant testimony from any underlying proceeding be filed with the petition, relator has included in his appendix only an affidavit that relates his version of what transpired in the trial court and a letter showing he has requested the preparation of the reporter's record. *See* TEX. R. APP. P. 52.7(a)(1). Moreover, although relator prays that the Court order the trial court "to cease imprisoning Relator," relator has not included proof of incarceration in his petition, which is mandatory in cases seeking habeas corpus relief. TEX. R. APP. P. 52.3(k)(1)(D).

Because the record in a mandamus proceeding is assembled by the parties, *see* TEX. R. APP. P. 52.3(j), 52.3(k), this Court strictly enforces the requirements of rule 52 of the rules of appellate procedure to ensure the integrity of the mandamus record. *See, e.g.*, *In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding). When determination of an original proceeding turns on factual evidence, the Court cannot determine the petition without a reporter's record. *See Ex parte King*, 819 S.W.2d 944, 946–47 (Tex. App.—Houston [14th Dist.] 1991, orig. proceeding). Affidavits are insufficient. *Id.* "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding)). We **DENY** the petition.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

141551F.P05

–2–